NETTIE P. BURNS, *et al.*

*v.*

MARSHALL H. GOFF, *et al.*

(No. 14061)

Decided February 12, 1980.

302

*Michael & Kupec and Thomas W. Kupec* for appellants.

*Jones, Williams, West & Jones and James C. West, Jr.,* for appellees.

PER CURIAM:

This case is an appeal from a final judgment of the Circuit Court of Harrison County. The judgment complained of overruled the defendants' motion for a new trial. The case was heard by the court without a jury and the appellants assign several errors attacking the conclusions of law reached by the trial court. We decline to reverse the trial court.

The parties to this proceeding own adjoining parcels of real estate which was previously owned by Hallie V. Everson, nee Martin. In 1948 she sold the most eastern parcel which, through various mense conveyances eventually came to be owned by the appellants and defendants-below, Marshall H. Goff and Marguerite V. Moore. Nettie P. and James W. Burns, the appellees and plaintiffs-below acquired title to the western parcels by various conveyances made from 1956 through 1965.

During the time Mrs. Everson owned all of the real estate she had a driveway constructed to provide ingress and egress to her dwelling on the western part of the property. Through the years the various parties owning and occupying both the eastern and western parcels used the driveway for general ingress and egress. The appellants acquired the eastern parcel in 1971, and for a number of years the driveway was used by the appellants and appellees without controversy.

On August 7, 1976, the appellants constructed a fence, running parallel to the direction of the driveway and located in its traveled portion, which prevented the appellees from using the driveway. The appellants testified they constructed this fence along a line that had been surveyed as the boundary line between the two properties.

The appellees commenced a suit in the Circuit Court, claiming they had acquired a prescriptive right to travel over the driveway, and asking the Circuit Court to enjoin its blockage. The appellants filed an answer denying the existence of any such prescriptive right, and counterclaimed, asserting a concrete block dwelling owned by the appellees encroached on their property by some thirty inches, and asking that the court order the removal of this encroachment.

After hearing evidence, the court concluded the appellants and appellees had acquired a prescriptive right to that portion of the driveway lying upon the property owned by the others. The court further concluded the appellants were estopped from asserting their counterclaim of encroachment, as they and their predecessors in title had been aware of the encroachment at the time they acquired title to the property. The court further concluded the appellees had acquired a prescriptive right to maintain the encroaching portion of the block building. The court's judgment order went on to set out a metes and bounds description of the driveway, and permanently enjoined all parties from interfering with its use.

The appellants contend the trial court erred in finding a prescriptive easement because appellees failed to prove one of the necessary elements, specifically, a continuous and uninterrupted use for a period of ten or more years.

If the necessary period of uninterrupted use occurred, it must have begun subsequent to 1948, when title to the two parcels was severed. The evidence indicates that from 1948, Mrs. Everson and her successors in title occupied the western parcel continuously, and that during this time the driveway was used by these persons as a means of general ingress and egress. This evidence clearly shows uninterrupted use for a period exceeding the required ten-year period.

Although the appellants argue that other evidence tended to show the period of use was not uninterrupted,

the trial court based its findings on the evidence demonstrating the uninterrupted character of the use. We conclude the evidence does not preponderate against the trial court's findings in this regard.

"The finding of a trial court upon the facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. pt. 7, *Bluefield Supply Company v. Frankels Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).

The appellants further contend the evidence was insufficient to establish the location of the easement with the required certainty, and that accordingly the trial court erred in laying out a metes and bounds description of the easement. We find this contention to be without merit.

A prescriptive easement of a private way over land must have a particular and definite line. *Crosier v. Brown*, 66 W.Va. 273, 66 S.E. 326 (1909). The record contained sufficient evidence from which the trial court could formulate a metes and bounds description, and such a description was used in the order granting the easement. This satisfies the *Crosier* requirement and is in accord with the case of *Post v. Wallace*, 119 W.Va. 132, 192 S.E.2d 112 (1937).

In relation to this assignment the appellants, in their brief, contend the easement as laid out by the court encroaches on an area never used as the driveway. The record contains no evidence supporting this contention.

Appellants next assert the trial court erred in failing to limit the use of the easement to the use it acquired during the prescriptive period.

The substance of this complaint is that during the prescriptive period the driveway was used only for access to one dwelling on the western property but, subsequent to 1975, a trailer was located on the property and its occupants began to use the driveway for ingress and egress.

The character and purpose of an easement acquired by prescription are determined by the use made of it during the prescriptive period. *Staggers v. Hines,* 87 W.Va. 65, 104 S.E. 768 (1920).

We find this argument to be without merit. The appellants fail to distinguish between the character or purpose of the use and the frequency of a use of the same character. During the prescriptive period, the driveway was used for ingress and egress to a residential dwelling for all those purposes for which a person would use a driveway to their home, e.g. personal access, access of service and delivery vehicles, and for the visitation of friends and relatives. The use of the driveway by the trailer's occupants was of the same character and for the same purpose, i.e., ingress and egress to a residential dwelling. Although the driveway may now receive more frequent travel of the same character, this is not controlling. It would be a different matter, as an example, if the driveway were now intended to be used for commercial purposes, as this would clearly indicate a change in the character of the use.

The appellants assert the court erred in dismissing with prejudice their counterclaim for removal of the encroachment and further erred by concluding that they were estopped from asserting it. They also assert the court erred when it concluded the appellees had proved adverse possession of the area of the encroachment.

We conclude the trial court reached the correct result in dismissing the counterclaim, but erred by applying an incorrect principle of law to the issue. The issue was not governed by the principle of estoppel, as the trial court believed.

The controlling principle of law is that which requires the equities of the cause be balanced to determine if the granting of injunctive relief is proper. It is a principle which has been followed by this Court, *Chafin v. Coal & Coke Co.,* 109 W.Va. 453, 156 S.E. 47 (1930); *McCausland v. Jarrell,* 136 W.Va. 569, 68 S.E.2d 729 (1941), see also,

*Somerville v. Jacobs*, 153 W.Va. 613, 170 S.E.2d 805 (1969), and which has been specifically applied in other jurisdictions in suits seeking a mandatory injunction to require removal of an encroaching structure. 28 A.L.R.2d 679, 28 A.L.R.2d Later Case Service 679, *Graven v. Backus*, 163 N.W.2d 320 (N.D. 1968).

Applying this principle to the instant case requires consideration of the following factual circumstances. There is no evidence that the thirty-inch encroachment was made in other than an innocent manner, or that it constitutes more than a mere trespass, as it does not actually interfere with the appellants' use and enjoyment of their property. The encroachment does not constitute an irreparable injury, and, since it is an integral part of a structure, it appears that its removal would require relocation or extensive restructuring of the building.

Considering these matters, we believe that the cost of removal would be greatly disproportionate to the damages to the land encroached upon, and that an injunction would be oppressive to the appellees.

In consideration of the foregoing, we conclude that the trial court did not abuse its discretion in refusing to issue the injunction. See *Mason v. Wall*, 96 W.Va. 461, 123 S.E. 457 (1924).

We further conclude that since the trial court reached the correct result, its application of the doctrine of estopple was not prejudicial to the appellants. Syl. pt. 3, *Whittaker v. Pauley*, 154 W.Va. 1, 173 S.E.2d 76 (1970). The trial court's error was harmless error. The doctrine of harmless error in civil cases is firmly established by statute, court rule and court decisions as a salutary aspect of the law of this State. *State Road Commission v. Bowling*, 152 W.Va. 688, 166 S.E.2d 119 (1969). Since the error complained of was harmless, the final judgment will not be reversed on this ground.

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*