313 S.E.2d 427

**Adam Floyd HANSHEW, et al.**

v.

**George Oliver ZICKAFOOSE, et al.**

**No. 15906.**

Supreme Court of Appeals of West Virginia.

March 2, 1984.

Ashworth & Ashworth, Beckley, for appellants.

Ragland & Ragland, Beckley, for appellees.

## PER CURIAM:

Adam and Joe Hanshew, the plaintiffs below, appeal from a final judgment of the Fayette County Circuit Court awarding a prescriptive easement along and over a lane to one of the defendants below, George Zickafoose. Finding merit in their argument, we reverse and remand.

The dispute prompting this lawsuit arose when George Zickafoose deeded a lot on the north side of what has become known as Hanshew Lane to his son and daughter-in-law, Timothy and Elizabeth Zickafoose, for the construction of a residence. They constructed the home and built a driveway extending to and opening on the lane. To reach their driveway, they must turn off State Route 41 and travel some 122 feet on the lane. Adam and Joe Hanshew, who owned land bordering on the south side of the lane, instituted this action alleging that they were the owners of the lane and seeking an injunction to prohibit its use as the means of access to the new residence.

During the trial of the case, the trial court ruled that Timothy and Elizabeth Zickafoose could not prevail on their claim for a prescriptive easement. The jury found that Adam and Joe Hanshew owned the lane and that George Zickafoose had a right-of-way by prescription over the lane for pedestrian and vehicular use. The trial court entered judgment on the jury's verdict, but noted that the verdict did not provide that the defendant, George Zickafoose, had a right-of-way for ingress and egress from State Route 41 to the new residence. The Hanshews then moved for judgment notwithstanding the verdict and for a new trial on the question of whether Zickafoose was entitled to a prescriptive easement over the lane. After mature consideration, the trial court denied the motion and this appeal followed.

The requisites for obtaining an easement by prescription are, of course, well-settled. The essential elements were recently reiterated in the syllabus of *Conley v. Conley*, 168 W.Va. 500, 285 S.E.2d 140 (1981):

"To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use." Syl. pt. 1, *Town of Paden City v. Felton*, 136 W.Va. 127, 66 S.E.2d 280 (1951).

"A landowner who asserts the right to an easement by prescription over the land of another must establish such right by clear and convincing proof." Syl. pt. 1, *Fanti v. Welsh*, 152 W.Va. 233, 161 S.E.2d 501 (1968); syl. pt. 2, *Beckley National Exchange Bank v. Lilly*, 116 W.Va. 608, 182 S.E. 767 (1936); *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980).

The evidence in this case clearly and convincingly establishes all the legal requirements for the prescriptive easement. Zickafoose testified that he thought he acquired title to the lane when he purchased the land on the north side of the lane in 1949. He used the lane from 1951 until shortly before the dispute arose in 1979, primarily to make repairs on the old barbed wire fence that ran along the north side of the lane. When the fence was broken by his cattle, as frequently occurred, he drove a pick-up truck down the lane to make

repairs. His use of the lane for this purpose was known to and acquiesced by the Hanshew's.

This use of the lane for fence repairs in our opinion satisfies the requirements for a prescriptive easement. The jury was correct in finding that Zickafoose acquired an easement by prescription. It is clear, however, that the easement is of limited scope. Zickafoose only has an easement for maintenance of the fence. He cannot use the lane for a different purpose than he made of it over the years. It is a fundamental principle that both "[t]he character and purpose of an easement acquired by prescription are determined by the use made of it during the prescriptive period". Syl. pt. 3, *Burns v. Goff,* 164 W.Va. 301, 262 S.E.2d 772 (1980).

The trial court judge, however, in entering judgment on the verdict stated that Zickafoose had an easement for vehicular or pedestrian use but noted that this did not include a right to use the lane for an ingress and egress to the new residence. This ambiguity in the judgment order, combined with the subsequent conveyance of the easement to Zickafoose's son and daughter-in-law that we were advised of during oral argument, apparently prompted this appeal. We reiterate that the easement is limited to the use of a vehicle in connection with fence repairs and cannot be expanded to include vehicular use for ingress or egress to the new residence. Zickafoose could convey nothing more.

In these circumstances, we reverse and vacate the judgment below and remand for the entry of a clarifying order limiting the extent of the easement.

Reversed and remanded with directions.