417 S.E.2d 117

Daniel A. **CRANE** and Cynthia K. **CRANE**, His Wife; and Clifton Legg Tuckwiller and Betty Tuckwiller, His Wife, Plaintiffs Below, Appellees,

v.

Mary Marie **HAYES** and Mae Christine Hayes, Defendants Below, Appellants.

No. 20079.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1992.

Decided April 29, 1992.

**PER CURIAM:**

This is an appeal by Mary Marie Hayes and Mae Christine Hayes from a May 15, 1990, order of the Circuit Court of Greenbrier County which effectively granted the appellees, Daniel and Cynthia Crane and Clifton and Betty Tuckwiller, a prescriptive easement across land owned by the appellants.[1] The appellants contend that the trial court erred in granting such easement. We agree and reverse the decision of the Circuit Court of Greenbrier County.

**I.**

Mary Marie Hayes and Mae Christine Hayes own two separate pieces of property adjoining one another and situated on U.S. Route 12 near Asbury, West Virginia. Appellees Cranes and Tuckwillers own separate pieces of property situated behind the properties of the appellants. Although the appellees may gain access to their properties without traversing the appellants' properties, they have also made use of a road which proceeds from Route 12 through the appellants' properties to the appellees' properties.[2] There appears to be no dispute that this road was originally used in the 1920's to the 1930's as a logging road for access to a sawmill and has since been used for agricultural purposes. Several witnesses testified, for instance, that they had used the road to gain access to firewood or to check fences. No homes, however, were constructed or occupied along the road.

The precise use of the property over the past ten years, however, is disputed. Mr. Crane contends that, in addition to the agricultural uses of the road which have been made for several years, he began clearing the road when he purchased his property in 1980 for the purpose of gaining access to an area on which he intended to build two residences. He testified that he began

Douglas H. Arbuckle, Esq. Lewisburg, for appellees.

Paul S. Detch, Lewisburg, for appellants.

1. The lower court actually entered an order granting a permanent injunction preventing the appellants from blocking the road in question. This order effectively granted a prescriptive easement.

2. Due to the undisputed fact that the appellees do have other means of access to their proper-

ties, we are not presented with an issue of an easement by necessity. The appellees simply maintain that access through the appellants' properties is more convenient and cost-effective when considering the way of ingress and egress to be established for use by the residences to be built on the appellees' properties.

clearing brush with small equipment and later with a larger bulldozer. Mr. Crane also testified that he graded a particular stretch of the road and has frequently had small dozers, backhoes, and graders on the road since he purchased his property.[3]

The appellants, however, maintain that they were not aware of such extensive use of small machinery on the road for clearing purposes.[4] The appellants were aware, however, of occasional use of the property for agricultural purposes as explained above. Moreover, they maintain that even if the appellees are entitled to continued use of the road for purposes of removing firewood and checking their fences, consistent with usage during the past ten years, the appellees do not have the right to convert the road to a residential roadway.

On approximately July 15, 1989, in apparent response to the realization that the appellees intended to use the road as a public right of way, the appellants caused the road to be blocked and refused to allow the appellees to gain access to their properties through the appellants' properties. Subsequent to an August 9, 1989, hearing, the Circuit Court of Greenbrier County granted a temporary injunction restraining the appellants from blocking the road. Additional testimony was taken on April 20, 1990, to determine whether the injunction should be made permanent. The lower court then granted the permanent injunction which effectively authorized a prescriptive easement across the properties of the appellants. It is from that determination of the lower court that the appellants now appeal.

## II.

We have consistently recognized that a prescriptive easement may be created through certain usages of property.

We explained the following in syllabus point 2 of *Norman v. Belcher,* 180 W.Va. 581, 378 S.E.2d 446 (1989):

" 'The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof. In the absence of any one or all of such requisites, the claimant of a private way does not acquire such way by prescription over the lands of another.' Syl. pt. 1, *Holland v. Flanagan,* 139 W.Va. 884, 81 S.E.2d 908 (1954)." Syllabus Point 2, *Keller v. Hartman,* [175] W.Va. [418], 333 S.E.2d 89 (1985).

Furthermore, as we stated in syllabus point 3 of *Norman,* " ' "The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing evidence." Syl. pt. 1, *Berkeley Development Corp. v. Hutzler,* 159 W.Va. 844, 229 S.E.2d 732 (1976).' Syllabus Point 3, *Keller v. Hartman,* [175] W.Va. [418], 333 S.E.2d 89 (1985)," *see also Cramer v. West Virginia Dept. of Highways,* 180 W.Va. 97, 375 S.E.2d 568 (1988).

It is also recognized that the burden placed upon the land during the ten-year statutory period may not be increased, and the proposed use to be made of the prescriptive easement must be of the same nature as the uses exercised during the statutory period. " 'The character and purpose of an easement acquired by prescription are determined by the use made of it during the prescriptive period.' Syl. pt. 3, *Burns v. Goff,* [164] W.Va. [301], 262 S.E.2d 772 (1980)." Syl. Pt. 3, *Hanshew v. Zickafoose,* 173 W.Va. 151, 313 S.E.2d 427 (1984). In *Hanshew,* property owners sought an injunction to prevent the use of a lane on their property as a means of access

---

**3.** Mrs. Helen Hipes Wiseman also testified that she had resided on the property presently owned by Mae Hayes from 1969 through 1983. She explained that she had observed the appellees using the road approximately once a month. Neither she nor her husband ever objected to the use of the road, and the parties had an apparent understanding that the appellees had a right of way.

**4.** Only Mae Christine Hayes actually resides on the property in question, having made her residence there since her purchase of the property in 1985. Mary Marie Hayes lives in Florida and has little personal knowledge of the usage of the road over the past ten years.

to the defendants' new residence. We recognized that the defendants had acquired a prescriptive easement over the lane through frequent use to make fence repairs. However, we further acknowledged "that the easement is of limited scope." *Id.*, 173 W.Va. at 153, 313 S.E.2d at 429. We explained that the defendant "only has an easement for maintenance of the fence. He cannot use the lane for a different purpose than he made of it over the years." *Id.* We concluded that the use could not "be expanded to include vehicular use for ingress or egress to the new residence." *Id.*

■ Similarly, in the present case, the additional burden of usage for residential purposes does not come within the purview of the original prescriptive easement which had been acquired by the appellees. Various witnesses testified regarding the usage of the land during the prescriptive period. Mr. Crane testified that he purchased the property in 1980 and began clearing the road with small machinery for the purpose of preparing his property for the construction of two residences. Testimony of neighbors, friends, and family was also presented indicating frequent use of the road to extract wood or to check fences. The road has never been used, however, for ingress and egress to a residential area. The appellees now propose such usage. The appellants contend that such a use constitutes an additional burden which does not fall within the parameters of any prescriptive easement which was created through ten years of use for agricultural purposes and the clearing of the road with small machinery. We agree. If the road were to be used as the primary access to two residences, the use of the road would necessarily be altered. The road would almost certainly be used more frequently and by more individuals. The nature of that usage would be radically different from the usage allegedly made of the road during the prescriptive period.

We believe that a prescriptive easement in favor of the appellees was created through the agricultural use of the road for ten years. However, that prescriptive easement is limited to the uses to which the road was put during that prescriptive period, specifically, agricultural, gathering of firewood, checking fences, and the use of small machinery to clear the roadbed. We further believe that the appellees' proposal to use the road as access to residential property constitutes an additional burden upon the road which cannot be held to be within the parameters of the prescriptive easement which was created through ten years of usage. While the appellees are entitled to continued usage of the road for the purposes as encompassed within that original ten-year prescriptive period, they are not entitled to increase the burden on the land to encompass travel for residential purposes.

Based upon the foregoing, the decision of the Circuit Court of Greenbrier County is reversed, and this case is remanded for the entry of an order granting a prescriptive easement to the appellees limited to the uses to which the property was put during the prescriptive period and in accordance with this opinion.

Reversed and remanded.