456 S.E.2d 12

James Albert STRAHIN; Daniel Ray Strahin, an Infant, by Willa Strahin, His Guardian; Richard Newman and Freda Newman; and Clovis Newman and Beulah Newman, Plaintiffs Below, Appellants

v.

**Vonda Lee LANTZ, Defendant Below, Appellee.**

No. 22099.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided Feb. 17, 1995.

Robert J. Shostak, Sowash, Carson & Shostak, Athens, OH, and Patrick C. McGinley, Morgantown, for appellants.

G.W. Morris II, Morris & Morris, Philippi, for appellee.

CLECKLEY, Justice:

In this property case involving the use of an easement by prescription, the appellants and plaintiffs below, James Strahin, et al., brought suit to enjoin the appellee and defendant below, Vonda Lee Lantz, from locking a gate to the road which accesses their property. They appeal an order of the Circuit Court of Barbour County entered June 30, 1993, which held the prescriptive easement was extinguished due to abandonment.[1] The plaintiffs argue this Court should adopt the majority view and hold abandonment must be shown by clear and convincing evidence of nonuse coupled with evidence of intent to abandon. They contend no evidence of such intent was introduced below and request this Court to reverse the judgment.

---

1. At oral argument, this Court inquired whether there was a final decision regarding the motion to reconsider filed by the plaintiffs on July 9, 1993. The parties indicated they believed the motion had been ruled upon. The record at the time of oral argument did not refect that an order was rendered. Upon agreement of the parties, this Court was supplied with an order by the circuit court disposing of the motion for reconsideration. With limited exceptions not relevant here, we are empowered to review only final decisions of the circuit courts. W.Va.Code, 58–5–1 (1925). A decision is final when it dis-

poses of the entire controversy and leaves nothing further for the circuit court to consider. *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). Addressing the finality requirement, we adopt a practical interpretation that looks to the intention of the circuit court. *See Vaughn v. Mobil Oil Exploration and Producing Southeast, Inc.*, 891 F.2d 1195 (5th Cir.1990) (holding the intention of the circuit court is controlling in final judgment determinations). We explicitly find that all issues before the circuit court have been disposed of and we have an appealable final judgment.

## I.

The defendant owns approximately sixty acres of land in Barbour County, a portion of which is adjacent to County Route 5/10. The plaintiff James Strahin purchased a 5.75 acre tract of land from the plaintiff Richard Newman in August of 1992.[2] To access the property, it is necessary to take Miner Road which is a dirt roadway off Route 5/10 that travels over the defendant's property and leads to Miner Hollow.

In the early 1900s, when the local coal mine was in operation, many houses were located up Miner Hollow. Persons living up the hollow would travel Miner Road across the defendant's property without her permission. The evidence is undisputed that a prescriptive easement was created across Miner Road.[3] When the coal mine closed, the families moved away and the houses deteriorated. In 1985, the defendant placed a gate across the road. The owners of the property up Miner Hollow continued to pass through the gate on occasion to access their property to cut grass, care for gardens, and hunt game.

From the middle 1940s to the middle 1950s, the defendant's cousin, Mr. Sandridge, owned a home on the 5.75 acre tract now owned by James Strahin. The home was abandoned in the early 1960s and was later destroyed by fire. The issue in this case is whether the prescriptive easement created by the driveway leading from Miner Road to the homesite was extinguished by abandonment.

James Strahin plans to construct a home on the tract. The defendant maintains she suffered property damage when a gas line leading to her home was broken and certain trees were cut down from her side of the property line as a result of bulldozing the road in preparation for construction of the home. This lawsuit was initiated after she placed a lock on the gate and would not allow persons to travel on Miner Road.

The case was tried upon the facts without a jury. After hearing arguments, testimony from the parties and witnesses who had lived up Miner Hollow, and a view of the area, the circuit court issued specific findings of fact and conclusions of law. The circuit court found the prescriptive easement over the defendant's land from Miner Road to the 5.75 acre tract was extinguished by abandonment. Accordingly, it held that James Strahin was not entitled to travel over the driveway in question to access the land. This appeal ensued.

## II.

■ In this case we follow the standard of review articulated in Syllabus Point 2 of *Shrewsbury v. Humphrey*, 183 W.Va. 291, 395 S.E.2d 535 (1990):

"' "The finding of a trial court upon the facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. pt. 7, *Bluefield Supply Company v. Frankels [Frankel's] Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).' Syl. pt. 1, *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980)."

When an action is tried upon the facts without a jury, the circuit court "shall find the facts specially and state separately its conclusions of law thereon ... [and these] [f]indings ... shall not be set aside unless clearly erroneous[.]" W.Va.R.Civ.P. 52(a). *See Lewis v. Dils Motor Co.*, 148 W.Va. 515, 135 S.E.2d 597 (1964). A reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm "[i]f the [circuit] court's account of the evidence is plausible in light of

---

**2.** The property was transferred by quit claim deed. A second deed of general warranty was later prepared and entered.

**3.** Syllabus Point 1 of *Jamison v. Waldeck United Methodist Church*, 191 W.Va. 288, 445 S.E.2d 229 (1994), sets forth the factors necessary for the creation of a prescriptive easement:

"' "The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof. In the absence of any one or all of such requisites, the claimant of a private way does not acquire such way by prescription over the lands of another." Syl. pt. 1, *Holland v. Flanagan*, 139 W.Va. 884, 81 S.E.2d 908 (1954).' Syllabus Point 2, *Keller v. Hartman*, 175 W.Va. 418, 333 S.E.2d 89 (1985)."

the record viewed in its entirety[.]" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985). However, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948). Finally, "[i]f the trial court makes no findings or applies the wrong legal standard ... no deference attaches to such an application." *State v. Farley*, 192 W.Va. 247, 253, 452 S.E.2d 50, 56 (1994). Applying these principles to the facts of this case, we are of the opinion that the circuit court's findings were clearly erroneous and the final judgment constitutes an abuse of discretion.

This Court has never directly addressed the factors necessary to show termination of a prescriptive easement by abandonment.[4] In an analogous situation addressed in *Moyer v. Martin*, 101 W.Va. 19, 24, 131 S.E. 859, 861 (1926), we set forth the situations in which an owner of an easement by grant may lose his rights[5]:

"Having once been granted to him, he cannot lose it by mere non-user.... He may lose it by adverse possession by the owner of the servient estate for the proper length of time ..., or by abandonment, not by mere non-user, but by proofs of an intention to abandon; or, of course, by deed or other instrument in writing." (Citations omitted).

Section 504 (Easements) of the *Restatement of Property* states the majority rule that

abandonment must be shown by evidence of intent to discontinue the use and that evidence of nonuse, without more, is insufficient to extinguish the right. "Abandonment is a question of intention and may be proved by a cessation of use coupled with circumstances clearly showing an intention to abandon the right." 6B Michie's Jurisprudence, *Easements* § 18 at 166–67 (1985).

This rule is keeping with public policy considerations which revere vested property rights. Courts should not interfere with the rights of an owner of a prescriptive easement absent a clear showing that the owner does not intend to exercise his rights in the future.[6]

■ We hereby adopt the foregoing rule and hold that abandonment of an easement by prescription is a question of intention that may be proved by nonuse combined with circumstances which evidence an intent to abandon the right. It is the burden of the party asserting the absence of an easement by prescription to prove abandonment by clear and convincing evidence. 6B Michie's Jurisprudence *Easements* § 18 at 167.

■ What particular actions would constitute proof of intent to abandon an easement by prescription would necessarily depend on the unique facts of each case. In *Downing House Realty v. Hampe*, 127 N.H. 92, 497 A.2d 862 (1985), the Supreme Court of New Hampshire addressed the issue of intent to abandon an easement when faced with similar facts to this case. The easement was not frequently used in the past, a fence was erected over a portion of the easement and remained there for approximately thirty years, and large trees grew where the ease-

---

**4.** In *Lyons v. Lyons,* 179 W.Va. 712, 717, 371 S.E.2d 640, 645 (1988), we remanded the case, in part, in order for the trial court to determine whether the evidence "constitute[d] abandonment of any prescriptive right that may have matured," without specifically articulating the rule of law.

**5.** We find the criteria listed in *Moyer* persuasive because it has been argued that prescriptive easements should be treated the same as easements created by deed:

"An easement established by prescription is just as well established as one originating in the most formal deed. The methods of extin-

guishment of prescriptive easements and easements created by deed should be identical. Either nonuser should be effective as to both, or as to neither. The Restatement of Property takes the position that nonuser alone is never sufficient to prove abandonment as to any variety of easement, but constitutes relevant evidence which, with other accompanying facts, can justify a finding of abandonment."
3 Richard R. Powell, *Powell on Property,* Easements and Licenses § 34.20 at 34–252–53 (1994).

**6.** An easement by necessity, however, "cannot be extinguished so long as the necessity continues to exist." *Berkeley Dev. Corp. v. Hutzler,* 159 W.Va. 844, 851, 229 S.E.2d 732, 736 (1976).

ment existed. Nevertheless, the court found the evidence insufficient to establish abandonment because of the lack of permanency of the nonuse. Had the owner of the easement chosen to exercise control of the land, the fence and trees could easily be removed.

■ In the case at bar, testimony was heard from thirty-nine-year-old Eric Lantz that a fence existed over the driveway for as long as he could remember. A gas line ran across the driveway and the area was grown over with small trees. Despite this evidence of nonuse, no evidence was introduced to show the intent to abandon the prescriptive easement. To the contrary, the evidence showed that Mr. Strahin invested money to improve the land to construct a residence.

In *Norman v. Belcher*, 180 W.Va. 581, 583, 378 S.E.2d 446, 448 (1989), this Court held that "[a] private easement may be extinguished by adverse possession wholly inconsistent with the use of the easement.[7] *Bauer Enter., Inc. v. City of Elkins*, 173 W.Va. 438, 317 S.E.2d 798 (1984); *Higgins v. Suburban Improvement Co.*, 108 W.Va. 531, 151 S.E. 842 (1930); *Rudolph v. Glendale Improvement Co.*, 103 W.Va. 81, 137 S.E. 349 (1927)." Significantly, the defendant did not introduce evidence or assert the easement was extinguished by adverse possession. The record evidence is insufficient to determine if the elements for adverse possession were met. Accordingly, this Court cannot conclude the prescriptive easement was extinguished based only on the existence of the fence and gas line.

Based on the foregoing, we find the prescriptive easement was not extinguished and the plaintiffs have the right to travel across the driveway to access the 5.75 acre tract.[8] Furthermore, because the parties agree a prescriptive easement exists across Miner Road, the lock on the gate preventing the plaintiffs access to the road must be removed. The decision of the Circuit Court of Barbour County is hereby reversed, and this case is remanded for entry of an order consistent with this opinion.

Reversed and remanded.

---

7. W.Va.Code, 55–2–1 (1923), sets the ten-year statutory period for adverse possession. The elements to show adverse possession are set forth in Syllabus Points 1 and 2 of *White v. Lambert*, 175 W.Va. 253, 332 S.E.2d 266 (1985):

"1. 'One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.' Syllabus Point 3, *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977).

"2. 'Adverse possession of a right of way granted by deed must be hostile at its incep-tion, adverse, actual, visible, open, notorious, exclusive, under claim of ownership and continuous for the statutory period.' Syllabus Point 1, *Higgins v. Suburban Improvement Co.*, 108 W.Va. 531, 151 S.E. 842 (1930)."

8. We note that James Strahin's proposed use of the driveway does not place an additional burden upon the road outside the parameters of the creation of the prescriptive easement. The use of the driveway during the prescriptive period was for vehicular traffic to a residence. Syllabus Point 3 of *Crane v. Hayes*, 187 W.Va. 198, 417 S.E.2d 117 (1992), states: " ' "The character and purpose of an easement acquired by prescription are determined by the use made of it during the prescriptive period." Syl. pt. 3, *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980).' Syl. Pt. 3, *Hanshew v. Zickafoose*, 173 W.Va. 151, 313 S.E.2d 427 (1984)."