618 S.E.2d 434

**POBRO, L.L.C., Plaintiff
Below, Appellee,**

v.

**Arthur R. LaFOLLETTE and Ruby T.
LaFollette, his wife, Defendants
Below, Appellants.**

No. 32192.

Supreme Court of Appeals of West Virginia.

Submitted: April 26, 2005.

Filed: July 7, 2005.

William C. Keaton, Esq., Carl, Keaton & Frazer, Romney, for Appellee.

Arthur R. LaFollette, Ruby T. LaFollette, Pro se Appellants.

The Opinion was delivered PER CURIAM.

PER CURIAM.

This is an appeal by the appellants, Ruby and Arthur LaFollette, seeking relief from a final order entered by the Circuit Court of Hampshire County finding in favor of the appellee POBRO, L.L.C. ("POBRO").

The circuit court's order, entered after a bench trial, found that the appellee has a prescriptive easement over appellants' property and enjoined the appellants from interfering with the use of the easement by appellee, their successors, and assigns.[1]

The appellants contend that the circuit court erred in finding that a prescriptive easement existed and erred in prescribing the character and purpose of the easement as commercial in nature.

We affirm the circuit court's order.[2]

## I.

For the last sixty years, the appellants, Ruby and Arthur LaFollette, have lived on a 108–acre parcel of land in Hampshire County. Adjacent to the appellants' parcel of land, and pertinent to the instant case, are two parcels of land—the Kelsoe tract and the Baker tract.

In the 1970s, Tunstall C. Powers, Sr. purchased three contiguous tracts of land: the Kelsoe tract and the Baker tract, plus a third tract that is not at issue. The Powers family annually stayed in a cabin on the Kelsoe property and used the Baker tract primarily for recreational and hunting purposes. The Powers family and their friends used the roadway across appellants' property to access the Kelsoe and Baker tracts of land.

In the early 1990s, Mr. Powers deeded the three tracts of land to his three sons—giving each son a one-third interest in each tract of land. In 1999, the Powers brothers deeded the three properties to the appellee, POBRO.[3]

In June of 2002, the appellee filed a complaint in the circuit court seeking an order "recognizing and affirming the existence of the [appellee's] easement across the lands of the [appellants]." The appellee also sought to enjoin the appellants from interfering with the use of the easement by the appellee and "their successors and assigns."[4]

In April of 2003, the circuit court conducted a bench trial. The appellee presented evidence that the Powers family had since the 1970s been using the roadway openly, continuously, and without permission from the appellants. The appellee offered additional testimony that in the ten years preceding the filing of the complaint, the Powers

---

1. The roadway at issue is a small dirt road that runs from a public road across the appellants' property to the appellee's property.

2. Represented at the circuit court level by counsel, the appellants appear before this Court as self-represented litigants.

3. The Powers brothers incorporated and named their corporation "POBRO" for "Powers Brothers."

4. The appellee stipulated below that the easement sought was not an easement of necessity.

family had continued to visit the Kelsoe and Baker tracts and to use the roadway across the appellants' property.

The appellants denied the existence of a prescriptive easement, arguing instead that any use of the roadway by the Powers family was strictly permissive in nature. The parties also presented evidence as to the physical dimensions of the roadway, as well as the historical use of the roadway.

The circuit court entered a final order on July 2, 2003. Two findings, pertinent to the instant case, state:

> That the [appellee] has a prescriptive easement across the road in question, which said prescriptive easement is 9 feet wide, with an additional 3 feet on each side for any cuts, ditches, culverts, or drains, for an approximate total width of 15 feet[; and,]

> That the [appellee] shall have the right to use said road for residential and recreation purposes as pertains to the Kelsoe tract, and for recreational/hunting purposes as same pertains to the Baker tract.

The appellants appeal from the circuit court's order.

## II.

■ The appellants seek relief from a final order entered at the conclusion of a bench trial. "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

■ It is well-established law that:

> [t]he open, continuous and uninterrupted use of a road over the lands of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road

a right by prescription to the continued use thereof.

Syllabus Point 2, *Post v. Wallace*, 119 W.Va. 132, 192 S.E. 112 (1937).

■ "The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof." Syllabus Point 1, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976).

■ The manner in which a prescriptive easement may be used is defined by the manner in which the easement was used historically. "The character and purpose of the easement acquired by prescription are determined by the use made of it during the prescriptive period." Syllabus Point 3, *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980). The entire history of the usage of the roadway, as presented in evidence, must be evaluated to determine the character and scope of the prescriptive easement. *See Clain–Stefanelli v. Thompson*, 199 W.Va. 590, 595, 486 S.E.2d 330, 335 (1997).

■ The appellants contend that the circuit court erred in finding that a prescriptive easement existed. Appellants argue that any use of the roadway by the Powers family was permissive in nature. According to the appellants, a LaFollette ancestor initially granted permission to use the roadway and the appellants continued to honor that initial granting of permission.[5] However, the appellants could not identify which ancestor may have initially granted permission. The appellants admitted that in the last sixty years, they had neither denied anyone use of the roadway nor had they granted anyone explicit permission to use the roadway.

Further, the appellants admitted that they never complained or attempted to stop the Powers family from using the roadway. On occasion, Mr. LaFollette would have conversations with Mr. Powers during Mr. Powers' annual visits to the Kelsoe and Baker properties. Since the 1970s, the Powers family had openly, continuously, and adversely used the roadway across the appellants' property.

---

5. The LaFollette family has lived on this property for the last seven generations.

The circuit court found that the appellee had proven by clear and convincing evidence that the Powers family had used the roadway at issue openly, continuously, and uninterruptedly under a *bona fide* claim of right for ten years without objection from the appellants, and we cannot say this finding is clearly erroneous.

Turning to the nature of the prescriptive easement, the appellants mistakenly assert that the circuit court found that the character and scope of the easement included a commercial purpose. The finding of a commercial purpose is of great concern to the appellants because in October of 2003, the appellee sold the Kelsoe and Baker tracts to Brian and Virginia LaMasters for approximately $250,000.00.[6] The LaMasters operate a gun smithing shop out of a residence on the Kelsoe tract, and the appellants are worried that the shop's customers will use the easement for commercial purposes.

Our review of the circuit court's order reveals that the circuit court did not prescribe any commercial use of the easement in its order, and that the appellants are incorrect in reading the order to mean otherwise. Should the new owners of the Kelsoe and Bakers tracts seek to use the properties for commercial purposes, it appears that the new owners will either have to negotiate with and compensate the appellants for any commercial use of the prescriptive easement, or have their customers use an alternative route.

The circuit court's order clearly limited the scope and the character of the prescriptive easement to only "residential and recreational" use for the Kelsoe tract and "recreational/hunting" purposes for the Baker tract. The circuit court correctly limited the easement to residential, recreational, and hunting purposes.

### III.

The circuit court correctly held that the appellee had proven the existence of a prescriptive easement by clear and convincing evidence. Further, the circuit court's findings as to the nature and character of the

---

**6.** According to the circuit court's order, the LaMasters took physical possession of the tracts in

prescriptive easement are supported by the record and thus will not be disturbed by this Court on review. Therefore, we affirm the circuit court's findings.

Affirmed.