# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roy Toler and Martha M. Toler**
**Defendants Below, Petitioners**

**vs) No. 12-0394** (Logan County 09-C-215)

**Daniel E. Merritt and Frances Merritt**
**Plaintiffs Below, Respondents**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Roy and Martha M. Toler, by counsel William T. Forester, appeal the Circuit Court of Logan County's "Final Order Awarding Permanent Injunction to Plaintiffs for Right of Way" entered on March 2, 2012. Respondents Daniel E. and Frances Merritt, by counsel Brian R. Abraham, argue in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

In 1973, Harold and Barbara Stafford divided a residential lot that they owned, conveying by deed the back portion known as the "river lot" (hereinafter the "dominant lot") to their adjacent neighbors, Harold and Betty Summers. This deed also conveyed a ten foot right of way across the property that the Staffords retained (hereinafter the "servient lot"). As written in the deed, the right of way is along the southern boundary line of the servient lot and runs from the public street to the dominant lot. The dominant lot can also be accessed from the rear portion of the adjacent property that Mr. and Mrs. Summers owned prior to this conveyance.

Thereafter, the servient lot was conveyed multiple times: from Mr. and Mrs. Stafford to Frank and Maude Imes in 1974; to Terrell Browning and Jacky Walls in 1996; to Daniel and Frances Merritt in 1998; to Danielle and James Smith in 2001; to Sabrina and Michael Adams in 2006; and to Petitioners Roy and Martha Toler in 2009. Sometime between 2006 and 2009, fencing was installed on the right of way that blocked access from the public street to the dominant lot.

Meanwhile, Mr. and Mrs. Summers conveyed the dominant (river) lot, the right of way, and their adjacent lot to Respondents Daniel and Frances Merritt in 2009. Respondents are the

1

same Merritts who are also in the chain of title for the servient lot. Moreover, the Smiths who also owned the servient lot are the daughter and son-in-law of the Merritts.

In 2009, Respondents Mr. and Mrs. Merritt filed the instant civil action alleging that Petitioners Mr. and Mrs. Toler were unjustly denying respondents access to, and use of, their right of way. Petitioners did not dispute that an express right of way is set forth in the deeds. However, petitioners argued that the right of way was extinguished by adverse possession or abandonment.

After a bench trial, by order entered on March 2, 2012, the circuit court concluded that the right of way had not been extinguished. The circuit court ordered petitioners to remove all obstructions blocking the right of way, and the court permanently enjoined petitioners from denying respondents the use of the right of way.

## Standard of Review

Petitioners appeal the March 2, 2012, order to this Court, raising four assignments of error. We apply the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Quicken Loans, Inc. v. Brown*, 230 W.Va. 306, 737 S.E.2d 640 (2012).

> """"The finding of a trial court upon the facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. pt. 7, *Bluefield Supply Company v. Frankels [Frankel's] Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).' Syl. pt. 1, *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980)." Syllabus Point 2, *Shrewsbury v. Humphrey*, 183 W.Va. 291, 395 S.E.2d 535 (1990).

Syl. Pt. 1, *Strahin v. Lantz*, 193 W.Va. 285, 456 S.E.2d 12 (1995). Furthermore, Rule 52(a) of the West Virginia Rules of Civil Procedure provides that a trial court's findings of fact made pursuant to a bench trial "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

## Abandonment

Petitioners argue that the circuit court erred when concluding that they failed to prove that the right of way had been terminated by abandonment. We have held that the owner of an

easement by grant cannot lose that easement by his mere nonuse; there must also be proof of an intent to abandon. *Moyer v. Martin*, 101 W.Va. 19, 24, 131 S.E. 859, 861 (1926); *discussed in Strahin*, 193 W.Va. at 288, 456 S.E.2d at 15 (addressing the related issue of abandonment of a prescriptive easement, also requiring proof of nonuse combined with an intent to abandon).

The circuit court found that no owner of the dominant lot ever expressed an intent to abandon. Petitioners argue that the intent to abandon need not be expressed but can be proven by the circumstances. Even if petitioners are correct regarding the use of such evidence, we find that petitioners still did not meet their burden of proving abandonment by clear and convincing evidence.

Petitioners essentially argue that the right of way was not regularly used. Mr. and Mrs. Summers owned the dominant lot and the right of way from 1973, when the right of way was created, to 2009, when respondents obtained the dominant lot and right of way and instituted this lawsuit. The circuit court made a finding of fact that Mr. Summers periodically used the right of way as recently as 2006. This finding was not clearly erroneous and is sufficient to support the conclusion that there was no intent to abandon. Petitioners also assert that there is a well and a tree in the right of way, but respondents assert that the well is actually a lawn decoration and neither the lawn decoration nor any tree block the use of the right of way. These assertions are not sufficient to meet petitioners' burden of proving abandonment by clear and convincing evidence.

Finally, petitioners argue that the grantors of the right of way, Mr. and Mrs. Stafford, never intended for the right of way to be in the location that is described in the deed. However, when considering the issue of abandonment, we look to the intent of the owners of the right of way—not to the intent of the person who created the right of way. The intention of the Staffords is irrelevant to whether Mr. and Mrs. Summers, and now Respondents Mr. and Mrs. Merritt, ever intended to abandon the right of way.

Upon a consideration of the appendix record and the parties' arguments, and in light of our deferential standard of review, we find no error on this issue.

### Adverse Possession

Next, petitioners argue that the circuit court erred when concluding that the right of way had not been re-gained by the owners of the servient estate by virtue of adverse possession. "Adverse possession of a right of way granted by deed must be hostile at its inception, adverse, actual, visible, open, notorious, exclusive, under claim of ownership and continuous for the statutory period." Syl. Pt. 1, *Higgins v. Suburban Imp. Co.*, 108 W.Va. 531, 151 S.E. 842 (1930) (citing Syl. Pt. 3, *Rudolph v. Glendale Imp. Co.*, 103 W. Va. 81, 137 S. E. 349 (1927)). Pursuant to West Virginia Code § 55-2-1, the statutory period for adverse possession is ten years.

The circuit court made the factual finding that a fence on the right of way was erected in 2006, at the earliest, thus any adverse holding as a result of the fence was less than three years in duration. As the circuit court recognized, this is far short of the statutory period. In addition, as discussed above, the circuit court found that Mr. Summers used his right of way as recently as

2006. Although petitioners argue that the right of way was not used, the circuit court heard the evidence and was in the best position to determine the facts and assess credibility.

Petitioners have only owned the servient estate since 2009, the same year this lawsuit was filed. Interestingly, respondents and their family members, the Smiths, are in petitioners' chain of title. Respondents and the Smiths do not agree that they took any action supportive of adverse possession.

Because petitioners could not produce evidence of possession for the duration of the statutory period, we need not address the other elements of adverse possession. Upon a consideration of the appendix record and the parties' arguments, and in light of our deferential standard of review, we find no error on this issue.

### Remaining Assignments of Error

In their third assignment of error, petitioners argue that the circuit court erred in ordering them to remove the fencing and in permanently enjoining them from denying respondents the use of the express right of way. However, inasmuch as we have already concluded that respondents have a right of way granted to them by deed, and the right of way still exists, we find no error in the remedy ordered by the circuit court.

Finally, in their fourth assignment of error, petitioners argue that the circuit court abused its discretion in not fashioning an equitable remedy to accommodate all parties—specifically, petitioners argue that the circuit court should have relocated the right of way to a different location on their servient estate. However, the location of this right of way is described in writing in a deed. Petitioners obtained their property subject to this express right of way. The circuit court had no legal basis to order relocation.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4