# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brady A. Weikle and Roberta L. Weikle,**
**Defendants Below, Petitioners**

**vs) No. 12-0549** (Summers County 10-C-51)

**Michael D. Bolling and Sandra D. Bolling,**
**Plaintiffs Below, Respondents**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Brady A. Weikle and Roberta L. Weikle, by counsel Paul S. Detch, appeal the Circuit Court of Summers County's final order, entered on March 21, 2012, granting judgment in favor of Respondents Michael D. Bolling and Sandra D. Bolling at the conclusion of a bench trial. Respondents appear by counsel E. Kent Hellems.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondents filed a complaint on September 9, 2010, seeking removal of a gate that petitioners erected across a right-of-way to respondents' property, and claiming negligent and intentional infliction of emotional distress and outrageous conduct by petitioners.[1] Following a bench trial conducted on March 2, 2012, the trial court found that Petitioner Brady Weikle wrongly erected the gate, then acted outrageously by applying urine to the portion of the gate and handle that petitioners and their family members had to touch to get to and from their home. The court awarded respondents $7,500 in compensatory damages and $2,500 in punitive damages. Petitioners filed a notice of appeal with this Court on April 20, 2012. We have held:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[1] We undertake our review without distinguishing these claims. *See Travis v. Alcon Labs., Inc.*, 202 W.Va. 369, 374, 504 S.E.2d 419, 424 (1998) ("Intentional or reckless infliction of emotional distress, also called the 'tort of outrage,' is recognized in West Virginia as a separate cause of action.").

1

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Though petitioners deny the allegations, there is no basis for us to find that the trial court's findings were clearly erroneous. We accept the testimony as credited by the trial court, and the facts are troubling. Respondents and their family live on an 18.5 acre tract of land purchased in 1984. They access this land using an approximately 150-foot right-of-way owned by Petitioner Brady Weikle since about 1992. When Petitioner Brady Weikle informed Respondent Michael Bolling, by registered letter, that he intended to erect a gate, respondents' counsel prepared a letter to petitioners objecting to the addition of the gate. That letter referenced this language from the deed granting the right-of-way:

> There is further conveyed by the Grantor to the Grantee a right of way through the parcel reserved and excepted described above which right of way is 16 feet in width and is shown on a certain survey map prepared by David L. Huffman, dated May 3, 1978, as revised on July 11, 1978, said right of way may be used by both the Grantor and Grantee, their heirs or assigns, and said right of way shall be kept open at all times. Said map is to be filed in the Office of the Clerk of the County Court of Summers County, West Virginia, with this deed.

Petitioner Brady Weikle then installed an aluminum, chained gate in August of 2010.[2]

Shortly thereafter, Respondent Michael Bolling returned from church to find the gate open. He went to his house and got ready for work, then left to find the gate closed. But when he opened the gate, he found the chain, post, and ground wet. Upon getting back in his vehicle, he smelled urine and realized that he had urine on his hands from having touched the gate. Respondents and their friends began carrying gloves or materials to handle the gate.

Respondents' son Zach testified that on two occasions he saw Petitioner Brady Weikle and Weikle's two sons "with their backs turned toward [him] with their hands down at their crotch with their legs spread." Respondent Michael Bolling and Zach also each testified that petitioners installed video cameras trained on the driveway and often watched the family coming and going and opening the gate.

Petitioners assert three assignments of error on appeal. First, they argue that the damages awarded by the trial court are excessive because petitioners deny that they urinated on the gate, and because no damages had been proven. Though petitioners argue that Petitioner Brady Weikle's testimony is credible because he was under oath, the simple administration of an oath does not entitle one's testimony to complete deference. Instead, Rule 52(a) of the West Virginia Rules of Civil Procedure provides that a trial court's findings of fact made pursuant to a bench trial "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." We have explained:

---

[2]A second gate was installed soon afterward.

""The finding of a trial court upon the facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. pt. 7, *Bluefield Supply Company v. Frankels [Frankel's] Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).' Syl. pt. 1, *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980)." Syllabus Point 2, *Shrewsbury v. Humphrey*, 183 W.Va. 291, 395 S.E.2d 535 (1990).

Syl. Pt. 1, *Strahin v. Lantz*, 193 W.Va. 285, 456 S.E.2d 12 (1995).

The Court further notes that:

"[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *accord Gum v. Dudley*, 202 W.Va. 477, 484, 505 S.E.2d 391, 398 (1997).

*Webb v. W.Va. Bd. of Med.*, 212 W.Va. 149, 156, 569 S.E.2d 225, 232 (2002).

The trial court was in the unique position to weigh the credibility of each witness, and he particularly noted in his order that the testimony of respondents and Zach Bolling "was much more credible and believable" than that of Petitioner Brady Weikle. We perceive no clear error in the trial court's findings of fact. As we noted above, the facts were egregious, and we do not find that damages were disproportionate to the harm. We agree with the trial court that Petitioner Brady Weikle's actions,

in applying urine to a gate which he knew [respondents] had to enter and exit to access their home, and the act of videotaping and photographing their handling of the gate and chain is outrageous in that it would shock the conscience of an ordinary person. Furthermore[,] a person being advised of these facts would likely exclaim[,] "[T]hat is outrageous!"

We further note that sufficient basis for the award of damages was described in the findings of the trial court:

[Respondents] both testified that they had suffered severe emotional distress as a result of the unlawful gating of the property, and particularly the application of urine to the gate. [Respondents] found it necessary to use gloves to open the gate each and every time the[y] entered or left their home. Furthermore, [Respondent Michael Bolling], his wife[,] and his son[] all testified that [Petitioner Brady Weikle and other Weikle family members] continuously filmed their exit and entry to their home as they opened the chained gate [Petitioner Brady Weikle] acknowledged that he used a camera and a video camera to videotape the entry and exit of the Bollings on multiple occasions.

3

[Respondents] further testified that they both lost sleep, were greatly angered and generally felt like they were made a prisoner of their home, being reluctant to leave the premises because of the gate and the substances which [petitioners] applied thereto. [Respondent Sandra Bolling] testified she felt like a prisoner in her home. [Respondent Michael Bolling] testified that it was one of the worst experiences he had endured, that he sought counsel from his preacher and probably should have sought medical treatment.

[Respondents] further testified that they worried about their own personal safety (from the hygiene of the gate) and the safety of their family in general in light of the conduct of [Petitioner Brady Weikle].

These findings satisfy the test that we have articulated to sustain a claim for intentional infliction of emotional distress:

In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 369, 504 S.E.2d 419 (1998).[3]

---

[3]We acknowledge our prior holding that:

In cases where the jury is presented with an intentional infliction of emotional distress claim, without physical trauma or without concomitant medical or psychiatric proof of emotional or mental trauma, *i.e.* the plaintiff fails to exhibit either a serious physical or mental condition requiring medical treatment, psychiatric treatment, counseling or the like, any damages awarded by the jury for intentional infliction of emotional distress under these circumstances necessarily encompass punitive damages and, therefore, an additional award for punitive damages would constitute an impermissible double recovery. Where, however, the jury is presented with substantial and concrete evidence of a plaintiff's serious physical, emotional or psychiatric injury arising out of the intentional infliction of emotional distress, i.e. treatment for physical problems, depression, anxiety, or other emotional or mental problems, then any compensatory or special damages awarded would be in the nature of compensation to the injured plaintiff(s) for actual injury, rather than serving the function of punishing the defendant(s) and deterring such future conduct, a punitive damage award in such cases would not constitute an impermissible double recovery.

4

Next, petitioners argue that the lower court erred in interpreting the grant of the right-of-way to require that the gate installed by petitioners must be left open at all times.[4] In partial support of this argument, petitioners rely on *Rogerson v. Shepherd*, 33 W.Va. 307, 10 S.E. 632 (1889). In that case, we explained:

> It is true that *Washburn on Real Property* (volume 2, p. 337) says: "As a general proposition, the owner of a servient estate, over which there is a private way, may maintain gates or bars across the way, provided it do[es] not materially interfere with the use of it, or the way, by the terms of the grant, is to be kept open;" and the same doctrine may be found in *Washburn on Easements*, and many other authorities . . .

*Id*. at 316, 10 S.E. at 636.

Under the very unique facts before us, we cannot say that the trial court erred in determining that petitioners could not maintain a gate across the right-of-way granted to respondents. Subsequent to the parties disagreeing about respondents' entitlement to use the right-of-way, petitioners erected a gate across a road that respondents had traversed freely since 1984. Almost immediately upon installing the gate, Petitioner Brady Weikle applied urine to the gate components that respondents were forced to touch to access their home, and then took video of respondents and their family opening and closing the gate. In light of these circumstances, petitioners did not continue to enjoy a right-of-way "open at all times" as provided for in the deed.

Finally, petitioners argue that the trial court erred in awarding damages against Petitioner Roberta Weikle, because there is no evidence implicating her in the outrageous conduct. We find no error, inasmuch as the judgment order specifically concluded, in part: "No evidence or testimony was solicited or elicited pertaining to the acts or conduct of [Petitioner] Roberta L. Weikle; therefore, the Court's judgment in this matter for the tort of outrage is only against Brady A. Weikle."

---

Syl. Pt. 14, in part, *Tudor v. Charleston Area Med. Ctr.*, 203 W.Va. 111, 506 S.E.2d 554 (1997). Petitioners have not asserted, however, that respondents enjoyed a double recovery, and we will not consider this issue on appeal. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); *see also Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 135, 140 n.10, 506 S.E.2d 578, 583 n.10 (1998) ("Issues not raised on appeal or merely mentioned in passing are deemed waived.").

[4]The first conclusion of law of the trial court stated, "As previously ruled by this Court, [petitioners] had absolutely no right to erect gates across [respondents'] right[-]of[-]way which provided access to their home. . . ." This conclusion appears to refer to a temporary injunction granted by the court on September 13, 2010.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6