AMERICAN NATIONAL BANK & TRUST COMPANY, Appellant.

v.

J. C. DEAN, Appellee.

AMERICAN NATIONAL BANK & TRUST COMPANY, Appellant,

v.

Sylvia DEAN, Appellee.

Nos. 13109, 13110.

United States Court of Appeals Sixth Circuit.

Oct. 24, 1957.

Campbell & Campbell, Chattanooga, Tenn., for appellant.

Frank M. Gleason, Rossville, Ga., Roberts & Weill, Chattanooga, Tenn., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

These appeals arise out of separate judgments for personal injury sustained by plaintiff Sylvia Dean[1] and for loss of services and consortium by her husband, plaintiff J. D. Dean. It was alleged that Mrs. Dean tripped on a rubber mat placed on the public sidewalk by defendant in front of its premises and left there for seven years. It is conceded that plaintiff Sylvia Dean sustained serious injuries and the amount of the judgments is not questioned here.

Defendant contends that the mat did not constitute an obstruction on the sidewalk nor a nuisance under Tennessee law and that negligence was not established on the part of defendant. All of these contentions, set forth at length in defendant's motion for new trial and motion for judgment notwithstanding verdict, relate to and depend upon the claimed insufficiency of the evidence.

Defendant moved for a directed verdict at the close of plaintiff's testimony, but did not renew its motion at the close of the entire testimony. Defendant submitted the case to the jury without motion for directed verdict at the close of the evidence and thus waived its original motion made at the close of plaintiff's testimony. No exception was taken to the charge. Under these circumstances the question of the claimed insufficiency of the evidence is not before us and we must assume that the evidence supports the verdict. Glendenning Motorways v. Anderson, 8 Cir., 213 F.2d 432; Fort Worth & Denver Railway Company v. Harris, 5 Cir., 230 F.2d 680.

The judgments of the District Court are affirmed.

---

I. The parties will be denominated as in the court below.