ROBERT M. STEPTOE, *Administrator*

*v.*

CLARA A. MASON, *et al.*

(No. 12795)

Submitted January 27, 1970.          Decided March 3, 1970.

*Carr, Bonner, O'Connell, Kaplan & Scott, Louis M. Kaplan, Jerome S. Berg; Pauley, Curry & Sovick, George P. Sovick, Jr.,* for appellants.

*Nichols & Skinner, John C. Skinner, Jr.,* for appellee.

BERRY, JUDGE:

This is an appeal by John C. Studt and Elizabeth Studt from a judgment of the Circuit Court of Berkeley County of April 8, 1968, holding a deed in the chain of title prior to Studts to be a forgery. The appeal was granted by this Court on December 16, 1968. The judgment of the Circuit Court cancelled and annulled a total of nine deeds, but only three of the deeds actually involve the appellants' title in this appeal. Two of the deeds in question are purported conveyances from Johnny L. Mason to J. H. Messick, and the third is from Messick to the appellants, Studts. Actually, the two deeds from Mason to Messick are purported to be the same deed, as one is claimed to be the original and one is claimed to be the copy of the original that was recorded in the office of the Clerk of the County Court of Berkeley County.

The remaining six deeds involve land purported to have been conveyed by Mason to Messick, which were then conveyed by Messick to a Chester Minghini, who did not appeal from the judgment annulling his deeds, and the judgment is final as to those deeds. However, the matter of the forgery of all the deeds from Mason to Messick is related to and may be considered in connection with the deeds involved in this appeal.

Johnny Lemon Mason died on May 15, 1963, leaving according to records in said Clerk's office at the time of his death about 503 acres of land, which the administrator of his estate, Robert M. Steptoe, described in the complaint filed May 13, 1964, in this suit as belonging to the decedent. However, on August 15, 1963, Messick had presented to the Clerk of the Berkeley County Court a deed from Mason which the Clerk recorded and which is involved in this appeal. By this deed, if valid, certain lands listed in the complaint might have been removed from the estate. The date of the deed was March 15, 1963, and the acknowledgment of the grantor taken by A. H. Shipper, a Notary Public, was dated August 15, 1963, three months after the grantor, Mason died. Likewise, the acknowledgment incorrectly gave the date of the deed as August 15, 1963. Mr. Shipper apparently did not appear at the trial and no further reference to him is contained in the record. We, therefore, have no explanation in the record as to why the anomaly in dates occurred.

On June 10, 1963, Messick also presented and had recorded a deed from Mason conveying four acres, which he later conveyed to Minghini. This deed was dated May 11, 1963, four days before Mason died, and the acknowledgment by a notary was dated the same day. The description of the four acre tract in this deed had been taken verbatim from a plat prepared from a survey made by T. J. Snyder which was recorded on June 7, 1963, about three weeks after Mason died. A notation contained on the plat indicated it was made after the death of Mason.

After Mason's estate was appraised, the administrator ascertained that there were not enough assets to pay his debts and instituted the suit on May 13 or 14, 1964, to subject the real estate to discharging the debts or so much thereof as necessary to do so. The complaint alleged that the deed in question dated March 15, 1963, was ambiguous and prayed that it be reformed or rescinded. The heirs, creditors, and Messick were made parties to the suit, and the Studts intervened, after which a cross-claim was filed

by the heirs against Messick and the Studts in which the heirs claimed that the deed in question was a forgery. The plaintiff then amended his bill to charge that the acknowledgment was defective.

The case as now on appeal is a second trial of the issues. The jury returned a verdict in the first trial that the deeds were not forgeries but upon proper motion and good grounds, the verdicts were set aside and a new trial granted. About three weeks before the first trial in 1967 Messick stated that the original deed of March 15, 1963, had been destroyed by fire when his house burned, but a few days later still before the first trial started, he produced what he claimed to be the original of the recorded deed *with an acknowledgment dated March 15, 1963,* instead of August 15, 1963, as the clerk's record showed it. After the first trial, when the cross-claimants had the opportunity to have the deed examined, it was examined by Charles A. Appel, Jr., a nationally known examiner of questioned documents. It was upon the basis of an affidavit of Appel that he found the deed to be a forgery and of an affidavit by the Martinsburg fire chief that the deed, if placed where Messick said it had been, could not have been protected from the fire and from being destroyed, that a new trial was granted.

At the second trial the evidence with regard to the forgery of the deed claimed by Messick to be the original was presented, together with evidence as to other deeds from Mason in which he was grantee, and the jury returned verdicts that the deeds were forgeries. There is no question from the evidence but that this deed of March 15, 1963, claimed to be the original was an outright forgery, and that it was not the same deed which had been recorded on August 15, 1963, three months after the grantor, Mason, died. The fourth page of the "original" deed, on which the acknowledgment was dated before the grantor died, was proved not to have been on the same paper as the first three pages and to have been done at a later time than the first three pages. Then, too, the documentary stamps had been cut off another paper

and placed on the fourth page and the words at the top of it did not connect with the third page. There were some 42 differences in the deed claimed by Messick to be the original and the Clerk's copy of the one that he had recorded on August 15, 1963. He had attempted to have the recorded deed corrected before the trial, but the deputy clerk refused to make any corrections because the deed presented later by Messick was not the deed he originally presented for recordation.

John L. VanMeter, attorney for the administrator, testified that after the appraisement of Mason's estate had been filed, Messick came to his office and told him he had bought certain land, which apparently was the same land later referred to in both versions of the deed dated March 15, 1963, and had not received a deed for the land. VanMeter told Messick to bring in his papers and receipts, which he did, but they were not considered satisfactory proof, being mostly undecipherable. However, it appears that Messick came back to VanMeter's office sometime after the first visit and brought a deed with him which he said was the deed for the land involved. VanMeter looked at the deed and apparently noticed that the description was uncertain or ambiguous, the same as it later appeared in the recorded and the claimed original deed, by which it could not be easily deduced whether there were 226 or 50 acres of land conveyed. However, he told Messick that if he thought it was a good deed he should have it recorded.

The administrator testified that prior to the time Messick conveyed the land to the Studts, they had knowledge that there was some difficulty with regard to Messick's title to the land. However, this information was given to the Studts by Mrs. Studt's father who had done some surveying in connection with the land involved, and it appears to have related to the discrepancy in the description and not to the forgery.

It appears that the appellants do not seriously contest the fact that the deed Messick presented as the original

was a forgery, because the evidence is overwhelming as to that fact; but they contend that this does not prove the recorded deed to be a forgery, that the controlling deed is the recorded deed, and that there was no evidence presented to prove that it was a forgery.

The errors relied on by the appellants for reversal are: (1) The trial court erred in failing to direct a verdict for the Studts and (2) the trial court erred in failing to grant the Studts' motion for a new trial, the verdict being unsupported by any evidence.

The first assignment of error is without merit because there was no such motion made by the appellants at any time before the trial court in accordance with the provisions of Rule 50 (b) R.C.P. Inasmuch as the motion was not made and passed on in the trial court, it will not be considered by this Court on appeal. *Cone* v. *W. Va. Pulp and Paper Co.,* 330 U. S. 212, 91 L. Ed. 849, 67 S. Ct. 752; *Johnson* v. *New York, N. H. & H. R. Co.,* 344 U. S. 48, 97 L. Ed. 77, 73 S. Ct. 125. See *Western Auto Supply Co.* v. *Dillard,* 153 W. Va. 678, (decided February 17, 1970) and the cases cited therein with regard to non-jurisdictional matters that have not been acted upon by the trial court.

The second assignment of error is also without merit assuming that a proper motion had been made before the trial court for a new trial, which the appellees claim was not done. The verdict of the jury is clearly supported by the evidence. The fact that the deeds from Mason to Messick introduced in evidence as original deeds were proved to be outright forgeries, which is not denied by the appellants, is proper evidence to be considered in connection with the recorded deed being a forgery. *Andre* v. *Hoffman,* 81 W. Va. 620, 95 S. E. 84. Then, too, Messick's statement after the death of Mason that he had no deed to the property in question is clear and convincing evidence that the recorded deed, which was put on record three months after Mason's death, was a forgery. Also, there is the fact that the recorded deed had an acknowledgment showing the recorded deed was acknowledged

by Mason after his death. The persons working in the county clerk's office testified positively that the deed on record was an exact recording of the one brought in by Messick on August 15, 1963.

However, in addition to the evidence referred to above being sufficient to support the verdict and judgment that the recorded deed was a forgery, the oral motion to set aside the verdict and for a new trial appears not to have been properly made by the appellants.

The oral motion made by the attorney for the Studts and Minghini after the verdicts were returned by the jury, merely stated that they moved the court to set aside the verdicts and grant a new trial on the grounds that the verdicts were contrary to the evidence and other grounds to be assigned. No other grounds were ever assigned. The appeal before us concerns one of the verdicts included in the motion. At the time the motion was made the trial court advised the parties that under the rules the motion should be made with grounds in writing, and the court set the oral motion down for argument six days later. At the hearing on the motion the court after questioning the attorney found that the defendants did not wish to assign written grounds in support of the defendants' oral motion, and therefore it overruled their motion.

Although Rule 59 (b) R.C.P. requires that a motion for a new trial must be served within ten days from the entry of the judgment, there is nothing in the rules to prevent an oral motion for a new trial from being made during the trial and before the entry of the judgment which was done in the case at bar. However, Rule 7 (b) R.C.P. requires that grounds for a motion for a new trial be stated with particularity regardless of whether the motion is made orally during the trial or in writing after the judgment is entered. See Lugar and Silverstein, West Virginia Rules, page 451.

The Federal Rules of Civil Procedure dealing with this matter contain rules which are identical to Rules 7 (b)

and 59 (b) of the West Virginia Rules of Civil Procedure, and the authorities agree that with minor exceptions the federal courts are uniform in stating and holding that a motion for new trial can be made orally during the trial and before judgment, but that the grounds must be stated with particularity, and if this is not done the motion should not be considered. Merely stating that "The verdict is contrary to the evidence" has been held not to be sufficient to meet the requirements of stating the grounds with particularity. 5, Wright and Miller, Federal Practice and Procedure, Sec. 1192; 2A, Moore, Federal Practice and Procedure, Sec. 7.05; 6A, Moore, Federal Practice and Procedure, Sec. 59.09; *Douglas* v. *Union Carbide Corp.*, 311 F. 2d 182; *Chicago and Northwestern Ry. Co.* v. *Britten*, 301 F. 2d 400; *Stinebower* v. *Scala*, 331 F. 2d 366; *Lynn* v. *Smith*, 193 F. Supp. 887.

For the reasons stated herein the judgment of the Circuit Court of Berkeley County is affirmed.

*Affirmed.*