CHARLES CHAMBERS

*v.*

I. BROOKS SMITH

AND

CHARLES WITHERS

*v.*

I. BROOKS SMITH

(No. 13207)

Submitted May 16, 1973.     Decided September 11, 1973.

*Billheimer & Losch, Gordon Billheimer* for appellant.

*Greene, Ketchum & Baker, James D. Nash, Jr.,* for appellees.

CAPLAN, JUSTICE:

This is an appeal from a judgment of the Circuit Court of Mason County entered in two cases which were consolidated for trial in said court. The judgment was entered on two separate verdicts returned by the jury, said verdicts being in the sum of $7,000.00 for Charles Withers and $7,000.00 for Charles Chambers. Upon the denial by the court of a motion to set aside the verdicts and grant a new trial, the defendant prosecutes this appeal.

The plaintiffs, Charles Withers and Charles Chambers, were in 1969 principal and vice principal, respectively, of Point Pleasant High School in Mason County. I. Brooks Smith, the defendant, was the superintendent of schools in said county. On April 29, 1969 the defendant, in his official capacity, submitted to the Mason County Board of Education a list of teachers which he recommended for transfer and subsequent assignment. The names of the plaintiffs were included on this list and they were notified by certified mail of the defendant's recommendations.

The following notation, as reflected in the complaints, relative to the plaintiffs, appeared in the minutes of the meeting of the Mason County Board of Education: "I am (meaning the defendant) of the opinion that I have

sufficient grounds for dismissal. The charge could be interpreted as willful neglect of duty in pursuance of the provisions of Section 6, Article 7, Chapter 18, Code of West Virginia."

In their complaints the plaintiffs charge that the above quoted words are libelous in that the statement was made by the defendant "willfully, maliciously and with malice aforethought [and] intended to injure and defame the plaintiff in his character and reputation and injure him in his profession and calling * * *." They further allege that the defendant, I. Brooks Smith, acted with actual malice, with wanton and reckless disregard of their rights and that such words were false and defamatory and were not stated in good faith.

For the apparent purpose of establishing actual malice, the plaintiffs further allege that the defendant in the presence and hearing of Ben Franklin, IV, and other persons, did "maliciously, willfully and with malice aforethought speak and state that the plaintiff and Charles Chambers 'are horses asses' and that they, the plaintiff and Charles Chambers 'are S.O.B.'s' (meaning that the plaintiff and Charles Chambers are sons of bitches)." The plaintiffs attempted to offer proof of this allegation by testifying that Ben Franklin told them that the defendants had made these statements. An objection to this testimony was overruled but the court subsequently instructed the jury to disregard such testimony.

Although a careful examination of the record fails to reveal that the defendant made a motion for a directed verdict at the conclusion of the plaintiff's evidence, both parties appear to agree that such motion was made. It is undisputed, however, and is not contended otherwise by the defendant, that no motion for a directed verdict was made at the conclusion of all the evidence. The case was submitted to the jury upon instructions and the jury returned verdicts as aforesaid.

Summarizing the errors assigned on this appeal the defendant asserts that the court erred in failing to grant

his motion for directed verdicts; that the evidence was insufficient to sustain the verdicts; that the plaintiffs' testimony concerning their conversation with Ben Franklin was prejudicial, even though the court subsequently instructed the jury to disregard it; that the court erred in giving certain instructions; and that the verdicts were excessive.

In addition to the foregoing, the defendant, in his brief, assigned as error the court's refusal of his written motion to set aside the verdict and direct a verdict in his favor or, in the alternative, to grant a new trial. The grounds for the motion to set aside the verdict were basically the same as those noted as assignments of error in the petition for a writ of error and the disposition of the latter will serve to dispose of the questions relating to the defendant's said written motion.

The assertion by the defendant that the court erred in refusing to grant a directed verdict in his favor is, in the circumstances of this case, without merit. As noted, according to the averments of the parties, the defendant moved for a directed verdict at the conclusion of the plaintiffs' evidence, but did not renew such motion after all of the evidence was in. After said motion was denied by the court, the defendant introduced his evidence. Although Rule 50 (a) of the West Virginia Rules of Civil Procedure (R.C.P.) expressly provides that a party may introduce evidence upon the refusal of his motion for a directed verdict made at the close of his opponent's case, it is well settled law and the courts adhere to the longstanding rule that introduction of evidence at that point of the trial constitutes a waiver of the objection to the sufficiency of the evidence unless the motion for a directed verdict is renewed after all of the evidence is in.

In *American National Bank & Trust Company v. Dean,* 249 F.2d 82 (6th Cir. 1957), the defendant moved for a directed verdict at the close of the plaintiff's testimony, but did not renew its motion at the conclusion of all

the testimony. The court said that by its failure to move for a directed verdict after all the evidence, it waived its original motion made at the close of the plaintiff's testimony. The court then said: "Under these circumstances the question of the claimed insufficiency of the evidence is not before us and we must assume that the evidence supports the verdict." See also *American Paint Service, Inc. v. The Home Insurance Company of New York*, 246 F.2d 91 (3d Cir. 1957); *Hernandez v. Employers Mutual Liability Insurance Company of Wisconsin*, 346 F.2d 154 (5th Cir. 1965); and *Gebhardt v. Wilson Freight Forwarding Company*, 348 F.2d 129 (3d Cir. 1965).

In a discussion of Rule 50 the necessity of a motion for a directed verdict at the conclusion of all of the evidence is succinctly noted in 2B BARRON & HOLTZOFF, Sec. 1081 as follows: "It is well established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court. There are sound reasons for this rule. The party who makes no motion for a directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view. The appellate court, therefore, is powerless to review the sufficiency of the evidence to support the verdict if the appellant made no motion for a directed verdict. The only exception is where the insufficiency of the evidence constitutes plain error apparent on the face of the record which if not noticed would result in a manifest miscarriage of justice. Even if a motion for a new trial is made for insufficiency of the evidence, the failure to move for a directed verdict forecloses the question on appeal. A party may not gamble on the verdict and later question the sufficiency of the evidence." Similar expressions regarding the necessity of a motion for a directed verdict at the conclusion of all of the evidence are contained in 5A MOORE'S FEDERAL PRACTICE, Sec. 50.05.

In the instant case the "Motion of the defendant to set aside the verdicts and to direct verdicts for the defendant

or in the alternative to grant the defendant a new trial", being in the language of Rule 50 (b), R.C.P. was clearly made pursuant to the provisions of that rule. In view of the foregoing discussion and the principles expressed in the authorities cited and quoted and in view of the failure of the defendant to renew his motion for a directed verdict at the close of all the evidence, we are constrained to hold that the defendant is precluded from successfully questioning the sufficiency of the evidence on this appeal; nor can he successfully maintain that the court erred in denying his motion for a directed verdict at the close of the plaintiff's evidence.

In his brief the defendant contends that the heretofore designated motion, which, in the alternative requested a new trial, was made pursuant to "Rules 50 (b) and 59, R.C.P." While we have expressed the view that such motion was made pursuant to Rule 50 (b), R.C.P., we are of the opinion that, in the posture of this record, the defendant, even under Rule 59, could not receive the alternative relief of obtaining a new trial.

The first ground cited in support of the relief sought is that the verdict is contrary to the law and the evidence. Rule 7 (b), R.C.P. provides that the grounds for a motion seeking an order of a court shall be stated with particularity. This Court has recently held, and we adhere thereto, that the grounds for a motion for a new trial must be stated with particularity and if this is not done the motion should not be considered. "Merely stating that 'The verdict is contrary to the evidence' has been held not to be sufficient to meet the requirements of stating the grounds with particularity." *Steptoe v. Mason*, 153 W.Va. 783, 172 S.E.2d 587. See 5 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, Section 1192; 2A MOORE, FEDERAL PRACTICE AND PROCEDURE, Section 7.05; 6A MOORE, FEDERAL PRACTICE AND PROCEDURE, Section 59.09. Accordingly, we find that this ground is vague, indefinite and that it lacks the specificity required by Rule 7 (b) R.C.P. and that the trial court did not abuse

its discretion in denying such motion. *Stinebower v. Scala*, 331 F.2d 366 (7th Cir. 1964).

The second ground in support of the defendant's alternate motion for a new trial—the refusal of the court to direct a verdict—has heretofore been disposed of as being without merit.

As the third ground in support of such motion the defendant complains that it was reversible error to have permitted the testimony of Charles Withers wherein he related that Ben Franklin told him that the defendant had used vulgar language, hereinbefore described, in relation to him and Charles Chambers. The defendant readily acknowledges that the jury was later instructed to disregard that testimony but says that its admission nonetheless constituted prejudicial error. It is generally accepted in most jurisdictions that the error of admitting inadmissible evidence is cured by its being subsequently withdrawn or stricken out before the close of the trial and by an instruction being given to the jury to disregard it. This is especially true when there is other evidence upon which the verdict can be based and where there was no motion for a mistrial. 5A C.J.S., *Appeal & Error*, Section 1737; 5 Am. Jur. 2d, *Appeal & Error*, Section 807.

In the instant case, the evidence about which the defendant complains was excluded from jury consideration by instruction of the court. This evidence was not the only evidence relied upon by the plaintiffs, their principal reliance being based on the aforementioned language in the minutes of the meeting of the board of education and the distribution thereof. Furthermore, it is revealed by the record that at the time the evidence was offered no motion for a mistrial was interposed by the defendant. In view of these circumstances we do not find any error in the refusal of the motion for a new trial on this ground.

Although the assignments of error do not directly raise the point, the defendant asserts that the evidence

of malice is insufficient for jury consideration. In the circumstances of this case that assertion is without merit. The defendant offered and the court gave, without objection, three instructions which permitted the jury to decide from the evidence whether malice existed. If the giving of such instructions were error, such error was induced by the defendant and he cannot take advantage thereof on appeal. Succinctly demonstrating this proposition, the Court, in *Lambert v. Goodman,* 147 W.Va. 513, 129 S.E. 2d 138, quoting a part of the Syllabus in *Dangerfield v. Akers,* 127 W.Va. 409, 33 S.E.2d 140, said: "Where in the trial of an action at law before a jury the plaintiff and defendant each ask for, and the trial court gives instructions based on the supposed existence of evidence on a single point in the case, when in fact there is no evidence on which such instructions could properly be given, the error is one invited by the litigants, and neither can take advantage thereof in this Court. * * *"

The defendant assigns as error: "Instructions given by the Court were misleading and improper, and instructions offered were not given." In relation to the part of the assignment complaining of instructions given, we note from an examination of the record that all of the plaintiff's instructions given by the court were given without objection. Rule 51 R.C.P., which merely restates the law in West Virginia, as it existed prior to the promulgation of our Rules of Civil Procedure, provides, in part, that "No party may assign as error the giving or the refusal to give an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly, as to any given instruction, the matter to which he objects and the grounds of his objection * * * ." Unless the provisions of Rule 51 have been compiled with by the complaining party this Court will not on appeal consider the alleged impropriety of instructions given to a jury. *Ellison v. Wood & Bush Co.,* 153 W.Va. 506, 170 S.E.2d 321, (1969); *Fortner v. Napier,* 153 W.Va. 143, 168 S.E.2d 737, (1969); *Nesbitt v. Flaccus,*

149 W.Va. 65, 138 S.E.2d 859 (1964). The defendant having failed to even register an objection when these instructions were given by the court may not complain on this appeal of the giving of such instructions.

In view of the posture of the record in relation to the second part of the above quoted assignment of error, we look with disfavor on the complaint registered by the defendant. We have carefully examined the record and have found no instance, with the exception of defendant's offered Instruction No. 3, wherein an instruction offered by the defendant was not given. Instruction No. 3, according to the record, was withdrawn by the defendant.

The final assignment of error to be considered on this appeal is the defendant's contention that the jury verdicts are excessive. It has long been well settled in this jurisdiction that a jury verdict will not be set aside as excessive unless the amount thereof indicates that the jury was influenced by passion, partiality, prejudice or corruption or that it entertained a wholly mistaken view of the case. *Cowan v. One Hour Valet,* 151 W.Va. 941, 157 S.E.2d 843 (1967); *Korzun v. Shahan,* 151 W.Va. 243, 151 S.E.2d 287 (1966); *Sargent v. Malcomb,* 150 W.Va. 393, 146 S.E.2d 561 (1966). Applying the above tests, we are unable to say that the verdicts are excessive.

By reason of the foregoing the judgment of the Circuit Court of Mason County is affirmed.

*Affirmed.*