# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2017 Term

_____

No. 17-0086

_____

ALLEN V. MCINARNAY and
ARLENE S. MCINARNAY,
Defendants Below, Petitioners,

v.

PEGGY T. HALL,
FRANK HALL, RUSSELL TESTERMAN, JR.
ISAAC RIVER TESTERMAN, and CECILIA LEE TESTERMAN,
Plaintiffs Below, Respondents.

FILED

June 12, 2018

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Monroe County
The Honorable Robert A. Irons, Judge
Civil Action No. CC-32-2006-C-35

REVERSED AND REMANDED

_____

Submitted: January 10, 2018
Filed: June 12, 2018

John H. Bryan, Esq.                     David L. Ziegler, Esq.
Union, West Virginia                    Anna R. Ziegler, Esq.
Counsel for the Petitioners             Elise A. Keaton, Esq.
                                        Ziegler & Ziegler, L.C.
                                        Hinton, West Virginia
                                        Counsel for the Respondents

JUSTICE KETCHUM delivered the Opinion of the Court.

JUSTICE LOUGHRY suspended and therefore not participating.

1.      "Abandonment of an easement . . . is a question of intention that may be proved by nonuse combined with circumstances which evidence an intent to abandon the right.  It is the burden of the party asserting the absence of an easement by prescription to prove abandonment by clear and convincing evidence."  Syllabus Point 2, in part, *Strahin v. Lantz*, 193 W.Va. 285, 456 S.E.2d 12 (1995).

2.      "An interpretation of the *West Virginia Rules of Civil Procedure* presents a question of law subject to a *de novo* review."  Syllabus Point 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997).

3.      "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence."  Syllabus Point 4, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

4.      "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."  Syllabus Point 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996).

5.      Under the WEST VIRGINIA RULES OF CIVIL PROCEDURE [1998], when a party has failed during a jury trial to make a motion for judgment as a matter of law under Rule 50(a) challenging the sufficiency of the evidence, that party has waived the right to mount any post-trial attack on the sufficiency of the evidence under Rule

50(b). Additionally, if the party moves for a new trial under Rule 59 and attempts to challenge the sufficiency of the evidence supporting the verdict, then the scope of review of the motion is confined to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, and which, if not addressed by the court, would result in a manifest miscarriage of justice.

Justice Ketchum:

When an error occurs during a trial, a basic rule of trial practice is that a party must promptly lodge an objection to the error. By objecting, the party alerts the opposing party and the judge of the error so it may be corrected before the jury renders a verdict. A party's failure to object usually waives the right to complain about the error after the trial.

The plaintiff in this appeal proved she had a written easement to cross the defendants' land, but the defendants countered with evidence that the plaintiff had legally abandoned the written easement through decades of nonuse. The plaintiff claims the defendants failed to introduce sufficient evidence to support their abandonment theory. However, during two days of trial, the plaintiff never made any objection or motion that challenged the sufficiency of the defendants' evidence. The jury returned a verdict in favor of the defendants and concluded there was clear and convincing evidence that the plaintiff abandoned the written easement.

After the trial, the plaintiff filed a motion seeking a new trial, and for the first time objected to the sufficiency of the evidence offered by the defendants. Acting on the plaintiff's motion, the circuit court set aside the jury's verdict for insufficient evidence and granted the plaintiff a new trial.

We reverse. Under the WEST VIRGINIA RULES OF CIVIL PROCEDURE, a motion challenging the sufficiency of the evidence must be lodged at trial, before the jury returns a verdict. Because the plaintiff made no such motion at trial in this case, the circuit court could only grant a new trial if there was absolutely no evidence to support

1

the jury's verdict. Because the jury's verdict has support in the record, the circuit court abused its discretion in setting aside the jury's verdict and in granting a new trial.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Peggy T. Hall[1] is an adjoining landowner with the defendants, Allen and Arlene McInarnay. Their adjoining tracts are located in Monroe County, West Virginia.

Over a century ago, at the beginning of the twentieth century, the parties' tracts were part of a larger parcel owned by L.S. Riffe ("Mr. Riffe"). In 1908, Mr. Riffe carved out a smaller tract of land[2] that he deeded to Matilda L.V. Riffe ("Ms. Riffe"). The deed contained the following language reserving a right-of-way across Ms. Riffe's tract to Mr. Riffe's: "it is further agreed that their [*sic*] shall be a free road through the

---

[1] When this case was filed in 2006, Peggy T. Hall was the sole plaintiff and sole owner of the land. She acquired the property in 1976 from her parents, Russell E. and Gladys T. Testerman (who themselves had acquired it in 1958). In 2011, plaintiff Hall deeded interests in the land to Russell Testerman, Jr., Isaac River Testerman, and Cecilia Lee Testerman, but reserved a life estate for herself and her husband, Frank Hall. She amended her complaint in 2014 to add these additional owners as plaintiffs. However, for the ease of the reader, we refer to Mrs. Hall as the singular owner of the land.

[2] The 1908 deed indicates the tract contained 100 acres. Later conveyances stipulate the tract contained 90 acres. However, in 1975, after a detailed survey, a deed stated the tract actually contained 109.17 acres. The McInarnays purchased the 109.17 acre tract on February 11, 2005.

2

above named land to the out side lines or County Road. . ."  This "free road" language in the 1908 deed is the source of the parties' dispute.

Mrs. Hall owns the land formerly owned by Mr. Riffe; the McInarnays own the smaller tract conveyed to Ms. Riffe in 1908 which had the "free road" running across it.  The circuit court ruled that the "free road" language created an express easement for ingress and egress to Mrs. Hall's land across the McInarnays' land. The parties agreed, based on surveys and an aerial photo from the 1940s, on the location of the original "free road" across the McInarnays' land to Mrs. Hall's land.  However, undisputed evidence showed that the passage of time has largely eradicated the "free road."  There is a gate blocking access to the "free road" where the ancient roadbed separates from the modern road and enters the McInarnays' land.  Beyond the gate, the roadbed is overgrown with trees and cut by a creek with no bridge.  Farther along, the old roadbed runs through what is now a pond and marsh grasses where the pond drains.  Nearer to Mrs. Hall's tract, trash and a heap of debris block the old roadbed.

Mrs. Hall and her family have access to their property from a modern road. However, she brought the instant suit demanding an alternative access across the McInarnays' land.  In a two-day trial, Mrs. Hall sought to exercise the "free road" clause in the 1908 deed to establish a new and different route across the McInarnays' land.  Mrs. Hall introduced testimony from various individuals who had crossed the McInarnays' tract, using a path different from the old "free road," on a handful of occasions in the previous four decades.

3

The McInarnays, however, asserted that Mrs. Hall had abandoned the 1908 easement. "Abandonment of an easement . . . may be proved by nonuse combined with circumstances which evidence an intent to abandon" the easement.[3] Abandonment must be proven by clear and convincing evidence.[4]

The evidence at trial indicated that neither Mrs. Hall nor her family nor her predecessors had used the "free road" in recent decades. For instance, the prior owner of the McInarnays' land testified that, in her twenty-five years of owning the property, she never once saw the Hall family cross the property, let alone use the "free road." The prior owner said when she bought the tract in 1980 there was no visible evidence of the old roadbed. A neighbor told her about the old road that, in the distant past, ran across the land, but she did not know its location.

Furthermore, defendant Allen McInarnay testified he walked the land before he bought it in 2005 and saw no evidence of the old "free road," and no evidence any third parties were crossing the land. Mr. McInarnay testified he bought the property to use as an alpaca farm, and said that he would not have bought the property if he saw evidence of third parties using the property as a roadway.

Rule 50(a) of the WEST VIRGINIA RULES OF CIVIL PROCEDURE [1998] establishes the procedure a party must use if, at trial, the opposing party fails to produce sufficient evidence on a question. Rule 50(a) provides that, "If during a trial by jury a

---

[3] Syllabus Point 2, *Strahin v. Lantz*, 193 W.Va. 285, 456 S.E.2d 12 (1995).

[4] *Id.*

4

party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue," then the opposing party must object to the lack of evidence by making a motion for judgment as a matter of law. However, during the trial, counsel for Mrs. Hall never made such a motion regarding the sufficiency of the McInarnays' evidence on the issue of abandonment of the easement.

The jury returned a verdict finding "that the right of way to the Hall property, over the McInarnay property, has been terminated by abandonment, and that the Hall[s] have no right of way over the McInarnay property." The parties do not dispute that the jury was properly instructed that it could find in the McInarnays' favor only if there was clear and convincing evidence the easement had been abandoned.

Mrs. Hall promptly filed a motion for judgment as a matter of law under Rule 50 or, in the alternative, a new trial. Mrs. Hall argued that the "evidence presented by the [McInarnays] is clearly insufficient to support a jury verdict extinguishing the easement because of abandonment by the [Halls]." Specifically, Mrs. Hall contended there was no evidence presented to suggest that the Hall family intended to abandon the easement.

In an order entered December 28, 2016, the circuit court recognized that Mrs. Hall had failed to object to the sufficiency of the evidence at trial as required by

5

Rule 50(a). The circuit court therefore found that it was "powerless" to consider a post-trial motion for judgment as a matter of law to weigh the sufficiency of the evidence.[5]

Still, the circuit court found it could consider a sufficiency of the evidence objection, one first raised after trial, under Rule 59 (which permits circuit courts to grant a new trial). The circuit court noted that the Halls "conceded they rarely used the roadway across the lands of" the McInarnays, and found "there was ample evidence at trial concerning nonuse of the right of way[.]" The circuit court determined, however, that the evidence was not sufficient to prove that the Halls "ever had any intention to abandon the easement created by the 1908 deed." The circuit court concluded that the verdict was "against the clear weight of the evidence and will result in a miscarriage of justice and, as such, that grounds for a new trial exist[.]" The circuit court granted the motion for a new trial regarding whether the easement "has been terminated by abandonment by the [Halls,] . . . and if not abandoned, its exact current location."

The McInarnays now appeal the circuit court's order granting the Halls a new trial under Rule 59.

---

[5] Rule 50(b) of the RULES OF CIVIL PROCEDURE only permits a movant to "renew the request for judgment as a matter of law" regarding the legally sufficient evidentiary basis for a question. As we discuss later in this opinion, the failure to make a preverdict motion under Rule 50(a) generally precludes any postverdict motion under Rule 50(b). *See* Syllabus Point 5, *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1991).

## II.
## STANDARD OF REVIEW

Review of the circuit court's order requires us to weigh the circuit court's interpretation of Rule 50 and Rule 59 of the WEST VIRGINIA RULES OF CIVIL PROCEDURE. "An interpretation of the *West Virginia Rules of Civil Procedure* presents a question of law subject to a *de novo* review."[6]

We must also examine the circuit court's overall decision to grant the motion for a new trial. "This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard[.]"[7] "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence."[8] "[A] trial judge should *rarely* grant a new trial. . . . Indeed, a new trial should not be granted unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done."[9]

---

[6] Syllabus Point 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997).

[7] Syllabus Point 1, in part, *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W.Va. 105, 736 S.E.2d 338 (2012).

[8] Syllabus Point 4, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

[9] *Morrison v. Sharma*, 200 W.Va. 192, 194, 488 S.E.2d 467, 469 (1997) (citing *In re State Public Bldg. Asbestos Litigation*, 193 W.Va. 119, 124, 454 S.E.2d 413, 418 (1994)) (cleaned up, emphasis added).

7

# III.
# ANALYSIS

This case involves the interplay between two rules of civil procedure: Rule 50, which is triggered when a party asserts at trial that a "legally sufficient evidentiary basis" has not been offered on an issue; and Rule 59, which pertains to motions for a new trial. On the one hand, the McInarnays argue that Rule 50 and Rule 59 are intertwined such that, if a party fails to challenge the sufficiency of the evidence at trial under Rule 50, then the party generally cannot seek a new trial on the same ground under Rule 59. On the other hand, Mrs. Hall asserts that Rule 59 operates independently of Rule 50 and that a circuit court can grant a party's motion for a new trial for insufficient evidence, even if that party never challenged the sufficiency of the evidence at trial as required by Rule 50.

## A. Rule 50(a) and (b)

We begin with Rule 50, and focus our discussion on paragraphs (a) and (b) of the rule. First, Rule 50(a) of the RULES OF CIVIL PROCEDURE [1998] authorizes a party to make what is generally referred to as a "preverdict" motion for a judgment as a matter of law. Rule 50(a) mandates that any challenge to the sufficiency of the evidence must be raised "during a trial by jury," at any time before the trial court submits the case to the jury.[10] If a party fails to produce sufficient evidence, and "fails to establish a prima facie

---

[10] Louis J. Palmer, Jr., Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure* 1183 (5th ed. 2017) ("Rule 50(a)(2) states that motions for judgment as a matter of law may be made at any time before submission of the case to
Continued . . .

8

right to recovery," then upon motion under Rule 50(a) the trial court may enter judgment

in favor of the opposing party.[11]  The rule provides:

> (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
>
> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.[12]

Second, Rule 50(b) allows the party who made the Rule 50(a) motion at

trial to renew it after the jury returns its verdict.  A motion under Rule 50(b) is sometimes

referred to as to as a "postverdict" motion and, if granted, allows a trial court to order a

new trial or enter a judgment as a matter of law.  A renewed motion made under Rule

50(b) must be limited to the issues raised in the movant's preverdict Rule 50(a) motion.

Rule 50(b) provides:

---

the jury.  Such a motion must specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.")

[11] Syllabus Point 3, *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964) ("When the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right to recovery, the trial court should direct a verdict in favor of the defendant"). *Accord*, Syllabus Point 1, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996).

[12] W.VA.R.CIV.PRO. 50(a).

9

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew the request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

(1) If a verdict was returned:

    (A) allow the judgment to stand,

    (B) order a new trial, or

    (C) direct entry of judgment as a matter of law; or

(2) if no verdict was returned:

    (A) order a new trial, or

    (B) direct entry of judgment as a matter of law.[13]

The reason Rule 50 requires a motion "be made prior to the submission of the case to the jury 'is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment.'"[14] Inherent in Rule 50 is "the intent to place the primary responsibility on the trial judge to determine the sufficiency of the evidence."[15]

---

[13] W.Va.R.Civ.Pro. 50(b).

[14] *Piesco v. Koch*, 12 F.3d 332, 340 (2d Cir. 1993) (quoting the 1991 Advisory Committee Note to amendment of Fed.R.Civ.P. 50).

[15] *Black v. Black*, 469 So.2d 1288, 1289 (Ala. 1985).

10

Of course, a judge is not required to examine the sufficiency of the trial evidence on his or her own accord, but must act only when a party raises an objection. Moreover, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."[16] "The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace."[17]

Hence, a party's failure to make a preverdict motion challenging the sufficiency of the evidence, as required by Rule 50(a), completely waives the party's right to make the same challenge to the sufficiency of the evidence after the trial under Rule 50(b).[18] The failure to make the preverdict motion also forecloses the right to raise an insufficient evidence challenge on appeal.[19] Put succinctly, it is "well settled" that in

---

[16] Syllabus Point 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996).

[17] *Id.*, 196 W.Va. at 216, 470 S.E.2d at 170. *See also* Syllabus Point 1, *Maples v. W.Va. Dep't of Commerce, Div. of Parks & Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.").

[18] Syllabus Point 5, in part, *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1991) ("In order to assert a motion for judgment [as a matter of law] . . . under Rule 50(b) of the West Virginia Rules of Civil Procedure, a defendant must move for a [judgment as a matter of law] . . . at the close of the plaintiff's case and assert therein the insufficiency of the evidence to establish a *prima facie* case. . . .")

[19] Syllabus Point 5, *W.Va. Dep't of Transp., Div. of Highways v. Newton*, 235 W.Va. 267, 773 S.E.2d 371 (2015) ("A party's failure to file a post-verdict motion for judgment as a matter of law under Rule 50(b) of the West Virginia Rules of Civil Procedure precludes this Court from reviewing an insufficiency of the evidence claim.").

the absence of a motion for judgment as a matter of law under Rule 50(a), "the sufficiency of the evidence supporting the jury's findings is not reviewable on appeal" because appellate courts "simply do not directly review jury verdicts."[20] "The policy underlying this rule is sound: a party is not permitted to gamble on the verdict and later question the sufficiency of the evidence that led to his defeat."[21]

At trial, Mrs. Hall's counsel did not object to the sufficiency of the McInarnays' evidence about abandonment of the easement, as required by Rule 50(a). Her counsel filed no motion for judgment as a matter of law on the question, nor did her counsel otherwise lodge any objection or complaint to alert the trial court or the McInarnays to supposed problems with the sufficiency of the McInarnays' proof. Instead, Mrs. Hall's counsel was silent and waited until after the verdict to challenge the

---

[20] *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 187 (4th Cir. 1994) (quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 294-95 (5th Cir. 1978). There are two reasons behind this rule:

> First, the appellate courts will not review issues on appeal that were not properly raised in the trial court. Second, and perhaps more fundamental, the function of the appellate court is to review actions taken by the trial court, not actions of the jury itself.

*Tights, Inc. v. Acme-McCrary Corp.*, 541 F.2d 1047, 1058 (4th Cir. 1976). "Generally speaking, appellate courts do not directly review the actions of juries; they review a trial judge's assessment of the work of the jury through a motion for judgment as a matter of law, allowing the trial judge who had a ring-side view of the witnesses to make a first cut on whether one side or another *must* prevail on the claim." *Maxwell v. Dodd*, 662 F.3d 418, 420 (6th Cir. 2011).

[21] *Bristol Steel & Iron Works*, 41 F.3d at 187 (quoting *Coughlin v. Capitol Cement*, 572 F.2d at 297).

sufficiency of the evidence through a Rule 50(b) motion. However, because of her failure to file a preverdict motion as required by Rule 50(a), the circuit court correctly concluded that Mrs. Hall was precluded from pursuing a Rule 50(b) postverdict motion alleging insufficiency of the evidence.

Accordingly, our law is clear that Mrs. Hall cannot pursue a new trial or a judgment as a matter of law under Rule 50(b) on the ground of insufficient evidence. The question we must now address is this: can she still seek a new trial on the ground of insufficient evidence under Rule 59?

## B. Rule 59

The circuit court concluded that Mrs. Hall *could* challenge the sufficiency of the McInarnays' evidence under Rule 59. Rule 59(a)(1) of the RULES OF CIVIL PROCEDURE [1998] provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues[.]" "If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial."[22] "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been

---

[22] Syllabus Point 3, in part, *In re State Pub. Bldg. Asbestos Litig.*, 193 W.Va. 119, 454 S.E.2d 413 (1994).

13

done, and the burden of showing harmful error rests on the party seeking the new trial."[23]

Moreover, when the evidence at trial is conflicting, the circuit court's deliberation about a new trial must recognize that it was the province of the jury to resolve the conflict. The circuit court should not disturb the jury's verdict unless it is plainly wrong.[24]

The McInarnays contend the circuit court erred in granting a new trial. They argue that this case is controlled by our discussion in *Chambers v. Smith*,[25] a 1973 case procedurally similar to the instant case. At trial, the defendant in *Chambers* failed to make a proper motion at trial challenging the sufficiency of the evidence as required by Rule 50(a).[26] We concluded that the defendant's failure to comply with the requirements

---

[23] 11 Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice & Procedure, Civil*, § 2803 (3d ed. 2018).

[24] *See*, *e.g.*, Syllabus Point 2, *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38 (1948) ("Where, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong."); Syllabus Point 3, *Long v. City of Weirton*, 158 W. Va. 741, 741, 214 S.E.2d 832, 837 (1975) ("It is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting."); *McNeely v. Frich*, 187 W.Va. 26, 29, 415 S.E.2d 267, 270 (1992) (*per curiam*) ("A jury's verdict is accorded great deference when it involves the jury weighing conflicting evidence[.]").

[25] *Chambers v. Smith*, 157 W.Va. 77, 198 S.E.2d 806 (1973).

[26] The current version of Rule 50(a)(2) (adopted by this Court in 1998) requires motions for judgment as a matter of law to be made "at any time before submission of the case to the jury." However, the version of Rule 50 in effect in 1973 in *Chambers v. Smith* required preverdict motions for a "directed verdict" be made twice: "at the close of the evidence offered by an opponent" and again "at the close of all the evidence." *See* Marlyn E. Lugar and Lee Silverstein, "West Virginia Rules of Civil Procedure," 373 (1960) ("From this discussion it is apparent that practitioners will be familiar with the use of a motion [for a directed verdict] under Rule 50(a) at the close of

Continued . . .

14

of Rule 50(a) and make a preverdict motion "constitutes a waiver of the objection to the sufficiency of the evidence[.]"[27]  Additionally, we said that the failure to make a proper preverdict motion under Rule 50(a) precludes appellate review of the sufficiency of the evidence and "we must assume that the evidence supports the verdict."[28]  We said in *Chambers:*

> It is well established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court.  There are sound reasons for this rule.  The party who makes no motion for a directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view.  The appellate court, therefore, is powerless to review the sufficiency of the evidence to support the verdict if the appellant made no motion for a directed verdict.  The only exception is where the insufficiency of the evidence constitutes plain error apparent on the face of the record which if not noticed would result in a manifest miscarriage of justice.  Even if a motion for a new trial is made for insufficiency of the evidence, the failure to move for a directed verdict forecloses the question on appeal.  A party may not gamble on the verdict and later question the sufficiency of the evidence.[29]

the plaintiff's evidence and at the close of all the evidence.").  The defendant in *Chambers* made the motion objecting to the sufficiency of the evidence at the close of the plaintiff's evidence but failed to "renew such motion after all the evidence was in."  157 W.Va. at 80, 198 S.E.2d at 809.  Under the current version of Rule 50(a), the defendant's actions in *Chambers* would have been sufficient.

[27] Syllabus Point 1, in part, *Chambers*, 157 W.Va. at 77, 198 S.E.2d at 807.

[28] 157 W.Va. at 81, 198 S.E.2d at 809.

[29] 157 W.Va. at 81, 198 S.E.2d at 809 (quoting 2B Barron & Holtzhoff, *Federal Practice & Procedure* § 1081).

15

The Court's discussion in *Chambers* centered on Rule 50. However, the defendant in *Chambers* – like Mrs. Hall's counsel in this case – argued his motion sought a new trial "pursuant to 'Rules 50(b) and 59, R.C.P.'"[30] We succinctly rejected the defendant's attempt to pursue relief under Rule 59 thusly: "While we have expressed the view that [the defendant's] motion was made pursuant to Rule 50(b), R.C.P., we are of the opinion that, in the posture of this record, the defendant, even under Rule 59, could not receive the alternative relief of obtaining a new trial."[31]

The McInarnays argue that because of her counsel's failure to comply with Rule 50(a), Mrs. Hall could not receive the alternative relief of obtaining a new trial under Rule 59. Rule 50(a) required Mrs. Hall to object, at trial, to the sufficiency of the evidence regarding abandonment of the easement. The McInarnays contend that Mrs. Hall's failure to object or make any such motion was tantamount to an admission that the evidence was sufficient to create a jury question. Mrs. Hall gambled on the verdict and lost, and in so doing, waived her right to seek *any* postverdict relief based on insufficient evidence. The McInarnays assert that this Court should follow *Chambers* and hold that,

---

[30] *Chambers*, 157 W. Va. at 82, 198 S.E.2d at 810.

[31] *Id.  Accord*, *Cline v. Joy Mfg. Co.*, 172 W.Va. 769, 775, 310 S.E.2d 835, 841 (1983) (McGraw, C.J., dissenting) ("[T]he defendant in this case failed to renew its motion for [judgment as a matter of law] . . . at the close of all the evidence.  The direct result of that failure, as the majority recognizes, is that the defendant thereby waived any 'objection to the sufficiency of the evidence . . . .'  Syl. pt. 1, *Chambers v. Smith,* 157 W.Va. 77, 198 S.E.2d 806, 809 (1973).  This rule is not only parallel to the federal rule, as the majority indicates, but it is also by far the rule in the majority of jurisdictions.").

16

because the Halls failed to challenge the sufficiency of evidence at trial under Rule 50, she cannot receive the alternative relief of a new trial under Rule 59. We agree.

In order to move for a new trial under Rule 59 based on insufficient evidence, a number of courts have concluded that a party must have previously moved for judgment as a matter of law under Rule 50(a).[32] For instance, in *Yohannon v. Keene Corporation*, the court concluded that, "on sufficiency," the failure to move for judgment as a matter of law under Rule 50(a) "does more than limit an aggrieved party's remedy to

---

[32] *See*, *e.g.*, *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96-97 (2nd Cir. 2014) (party could not pursue Rule 59 motion that "was substantively identical to judgment as a matter of law under Rule 50" because it violated "the carefully crafted structure and standards of Rule[] 50[.]"); *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 737-38, 120 S.W.3d 61, 65-66 (2003) (discussing rule that a "party must test the sufficiency of the evidence by motions" under Rule 50 and "not by a motion for new trial."); *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1184 n.7 (Fed. Cir. 2002) (""In order to move for a new trial on the basis of insufficient evidence, a party must have previously moved for JMOL at the close of evidence under Rule 50(a)."); *Gopher Oil Co. v. Union Oil Co. of California*, 955 F.2d 519, 526 (8th Cir. 1992) ("Union's failure to move for a directed verdict or judgment notwithstanding the verdict operated as a waiver of Union's right to challenge the jury's findings as unsupported by substantial evidence."); *Yohannon v. Keene Corp.*, 924 F.2d 1255 (3rd Cir. 1991) (a failure to move for judgment under Rule 50(a) wholly waives the right to mount any posttrial attack on the sufficiency of the evidence); *Ball v. Am. Greetings Corp.*, 752 S.W.2d 814, 819 (Mo. Ct. App. 1988) ("The neglect to move for a directed verdict . . . waives any contention that the plaintiff failed to prove a submissible case or that the court erred in the denial of the motion for judgment notwithstanding the verdict."); *Int'l Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 846, 443 N.E.2d 1308, 1312 (1983) ("It is an established rule that an 'appellate court cannot review the sufficiency of the evidence in the absence of an effective motion for a directed verdict.'" (citation omitted)); *Scheib v. Williams-McWilliams Co.*, 628 F.2d 509, 512 (5th Cir. 1980) ("When, as in this case, a motion for a new trial has been made on the ground of insufficient evidence to support the verdict and the like, the failure by the losing party to move for a directed verdict . . . still operates to foreclose consideration of the question of sufficiency on appeal[.]").

a new trial. In this Circuit, it wholly waives the right to mount any post-trial attack on the sufficiency of the evidence."[33] The *Yohannon* court reasoned that a party's failure to challenge the sufficiency of the evidence at trial under Rule 50(a) "foreclosed its right to raise on appeal any issue as to the sufficiency of the evidence. . . . The court below may not be held to have erred on an issue which was not properly raised."[34]

The *Yohannon* court observed that a party who fails to make a Rule 50(a) sufficiency motion is not entirely foreclosed from relief. Courts may excuse a party's failure to make a proper Rule 50(a) motion, and can grant a new trial for insufficient evidence under Rule 59, using one of three narrow exceptions: when it would prevent a manifest injustice; when no evidence whatsoever supports the jury's verdict; or when the court can reinterpret the motion as a different motion.[35] West Virginia first recognized

---

[33] *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1262 (3rd Cir. 1991).

[34] *Id.* (quoting *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129, 132 (3rd Cir. 1965)).

[35] The *Yohannon* court stated:

> The exceptions . . . can be grouped into three categories: (1) the "manifest injustice" exception, *see Irvin Jacobs & Co. v. Fidelity & Deposit Co.,* 202 F.2d 794, 799 (7th Cir.1953) (noting that "[u]nder well established principles, the sufficiency of the evidence to support the verdict is not preserved for review unless this is one of those exceptional cases which render inapplicable the general rule.") (citations omitted); *United States v. Harrell,* 133 F.2d 504, 507 (8th Cir.1943) (recognizing that "a federal appellate court, in order to prevent a manifest miscarriage of justice, may notice an apparent error not properly raised on the record"); (2) the "no evidence" exception, *see Hinojosa v. City of Terrell,* 834 F.2d

Continued . . .

18

one of those exceptions in *Chambers*, stating that the "only exception is where the insufficiency of the evidence . . . if not noticed would result in a manifest miscarriage of justice."[36]

The U.S. Court of Appeals for the Fourth Circuit has recognized that, when a party fails to file a proper motion at trial for judgment as a matter of law under Rule 50(a), an appellate court is "substantially foreclosed from reviewing the sufficiency of the evidence[.]"[37]  The party's "absolute failure precludes all but the most deferential

1223, 1228 (5th Cir.1988) (quoting *Stewart v. Thigpen,* 730 F.2d 1002, 1007 (5th Cir.1984)) (holding that "our inquiry is restricted to 'whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in manifest miscarriage of justice'") (emphasis in original), *cert. denied,* 493 U.S. 822, 110 S.Ct. 80, 107 L.Ed.2d 46 (1989); *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir.1978); rule also applies in the Eleventh Circuit, following the principle established in *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc) (the Eleventh Circuit adopts Fifth Circuit precedent existing at time of Eleventh Circuit's creation); (3) the "reinterpretation" exception, *see, e.g., Sears v. Pauly,* 261 F.2d 304 (1st Cir.1958) (reinterpreting the sufficiency arguments as an objection to the jury instructions); *Warner v. Kewanee Mach. & Conveyor Co.,* 411 F.2d 1060 (6th Cir.1969) (preserving review of a sufficiency question by reinterpreting the sufficiency issue as an evidentiary problem, which the court found subject to plenary review), *cert. denied,* 398 U.S. 906, 90 S.Ct. 1685, 26 L.Ed.2d 65 (1970).

*Yohannon v. Keene Corp.*, 924 F.2d at 1262 n.7.

[36] *Chambers*, 157 W.Va. at 81, 198 S.E.2d at 809.

[37] *Bristol Steel & Iron Works*, 41 F.3d at 186.

appellate review of the evidence."[38] A party's Rule 59 motion for a new trial "does not create the avenue for searching review that its failure to move for judgment as a matter of law foreclosed."[39] "In such a procedural posture, . . . [an appellate court's] scope of review is exceedingly confined . . . being limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, . . . which, if not noticed, would result in a manifest miscarriage of justice."[40]

In light of these cases, we hold that under the WEST VIRGINIA RULES OF CIVIL PROCEDURE, when a party has failed during a jury trial to make a motion for judgment as a matter of law under Rule 50(a) challenging the sufficiency of the evidence, that party has waived the right to mount any post-trial attack on the sufficiency of the evidence under Rule 50(b). Additionally, if the party moves for a new trial under Rule 59 and attempts to challenge the sufficiency of the evidence supporting the verdict, then the scope of review of the motion is confined to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, and which, if not addressed by the court, would result in a manifest miscarriage of justice.

Under this deferential standard, we need not examine whether manifest injustice exists in this case because the record contains evidence to support the jury's

---

[38] *Id.*

[39] *Id.*, 41 F.3d at 187.

[40] *Id.*, 41 F.3d at 187 (quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d at 297).

verdict. Even the circuit court noted there was ample evidence to support the McInarnays' position. The trial record shows that, when L.S. Riffe and Matilda L.V. Riffe agreed to the "free road" easement in 1908, those individuals had in mind a specific location for the "free road" across the tract. Modern surveys and an aerial photo from the 1940s confirm the location of the abandoned "free road." The record establishes that today, the "free road" is overgrown with trees, cut by a creek bed, blocked by a pond and marsh grasses, and so choked with debris that neither the McInarnays nor their predecessor knew of the old roadbed's existence. Mrs. Hall and her family have not used the "free road" for many decades. Instead, they have occasionally crossed the McInarnays' tract by a different path.

Mrs. Hall asserts that the McInarnays failed to introduce any direct evidence that she intended to abandon the easement. However, the intent to abandon an easement requires an examination of the easement-holder's state of mind. The interpretation of a party's state of mind "must ordinarily be shown by circumstantial evidence, from which conflicting inferences may often reasonably be drawn."[41] "A party's precise knowledge or state of mind concerning a situation often cannot be determined by direct evidence, but must instead be shown indirectly through circumstantial evidence."[42] "As we have stated before, 'there is no qualitative difference

_____

[41] Syllabus Point 2, *Nutter v. Owens-Illinois, Inc.*, 209 W.Va. 608, 550 S.E.2d 398 (2001).

[42] *Mace v. Ford Motor Co.*, 221 W.Va. 198, 204, 653 S.E.2d 660, 666 (2007). *See also Hinerman v. Daily Gazette Co., Inc.*, 188 W.Va. 157, 170 n.18, 423

Continued . . .

21

between direct and circumstantial evidence' when considering whether there is sufficient evidence to support a jury's verdict."[43]  There was adequate circumstantial evidence supporting an inference that Mrs. Hall intended to abandon the "free road" across the McInarnays' land.  Additionally, the circuit court properly instructed the jury that the McInarnays were required to show that Mrs. Hall intended to abandon her easement by clear and convincing proof.  On this record, we cannot say the record is devoid of any evidence to support the jury's verdict.

Mrs. Hall's counsel wagered on a favorable verdict and only questioned the sufficiency of the McInarnays' evidence after the trial was complete.  When Mrs. Hall moved for a new trial under Rule 59(a) and alleged insufficient evidence to support the verdict, the circuit court should have confined its review to whether there was *any* evidence to support the jury's verdict.  Because there is ample evidence to support the jury's verdict, the circuit court abused its discretion when it ordered a new trial.

---

S.E.2d 560, 573 n.18 (1992) ("a plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence"); *Sias v. W-P Coal Co.*, 185 W.Va. 569, 575, 408 S.E.2d 321, 327 (1991) ("Subjective realization, like any state of mind, must be shown usually by circumstantial evidence[.]"); *State ex rel. Erie Ins. Property & Cas. Co. v. Mazzone*, 218 W.Va. 593, 598, 625 S.E.2d 355, 360 (2005) ("Bad faith is a state of mind which must be established by circumstantial evidence.").

[43] *Bowyer v. Hi-Lad, Inc.*, 216 W.Va. 634, 644, 609 S.E.2d 895, 905 (2004) (quoting *State v. Guthrie,* 194 W.Va. 657, 669, 461 S.E.2d 163, 175 (1995)).

## IV.
## CONCLUSION

The circuit court's order entered December 28, 2016, granting a new trial was in error.  The order is reversed, and the case is remanded for entry of judgment on the jury's verdict.

Reversed and remanded.